UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE (a pseudonym),<br><br>        Plaintiff<br><br>    v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>        Defendant | Civil Action No.: 1:23-cv-11490-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Massachusetts Institute of Technology ("MIT") submits this memorandum in support of its motion to dismiss Plaintiff's complaint.

**Relevant Facts**

MIT is a private university with its principal place of business in Cambridge, Massachusetts. Compl. ¶ 2. Plaintiff was an administrative staff member at one of MIT's laboratories from November 2018 to May 2020. *Id*. ¶ 5.

In a series of meetings with his supervisor "between about late September 2019 and January 2020," Plaintiff allegedly "reported his concerns of unlawful discrimination in the Laboratory, as well as violations of MIT's affirmative action policies." *Id*. ¶ 10. Plaintiff alleges the "unlawful discrimination" was based on sex, gender, and race. *Id*. ¶ 6.

"Around the start of Plaintiff's protected activity, in October 2019," Plaintiff's supervisor allegedly engaged in "demeaning" conduct toward Plaintiff, such as asking Plaintiff to arrive early to work to watch the supervisor's dog, and "berating Plaintiff in front of colleagues for being late to work." *Id*. ¶ 11.

In January 2020, Plaintiff's supervisor allegedly told a scientist in the laboratory that he intended to terminate Plaintiff and asked the scientist for advice about how to do so while

"avoid[ing] legal action. *Id.* ¶ 12. Shortly thereafter, the supervisor allegedly "contacted MIT Human Resources about placing Plaintiff on a Performance Improvement Plan," which was "intended to cover up the termination decision that Plaintiff's Supervisor had already made." *Id.*

During the week of May 20, 2020, Plaintiff "raised another concern" to his supervisor "about the transition of temporary workers to regular staff positions, to better conform with the proper use of temporary worker mechanisms at MIT." *Id.* ¶ 14.

Plaintiff was terminated on May 20, 2020. *Id.*

## Argument

**I.      The Complaint Fails to Name All Parties Including Plaintiff.**

A complaint must name all parties. Fed. R. Civ. P. 10(a). The Complaint fails to name the Plaintiff. Plaintiff purports to bring this case under the pseudonym "John Doe," but without seeking leave to do so and without any basis for doing so.

The Complaint says that Plaintiff "has filed a Motion to Proceed Under Pseudonym concurrently with the filing of this Complaint." Compl. at 1 n.1. But the docket contains no such filing, much less an order allowing Plaintiff to proceed pseudonymously.

Nor is there any basis for Plaintiff to proceed pseudonymously. Litigation by pseudonym is permitted only in "exceptional cases." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). The First Circuit has identified just four general categories of "exceptional" cases in which anonymity is warranted: (1) where a person reasonably fears unusually severe physical or psychological harm; (2) where harm would come to innocent non-parties; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," which typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy, medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior

2

proceeding made confidential by law," such as one involving juvenile records or a family court adjudication. *Id.* at 71. No such circumstances are present in this case.

Moreover, the Complaint essentially repeats the allegations that Plaintiff – using his real name – made in a complaint of retaliation against MIT and his supervisor that Plaintiff filed with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").[1] That public filing also defeats any attempt to litigate this case using a pseudonym. *See Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]cause plaintiff's true identity was revealed in administrative proceedings [before the EEOC and MCAD], the request for anonymity is effectively moot.").

The Complaint should be dismissed on this basis alone.

## II. The Complaint Fails to State a Claim of Retaliation Under Title IX.

### A. Standard of Review

Dismissal pursuant to Rule 12(b)(6) is appropriate if the complaint, accepting the well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff, fails to allege "a plausible entitlement to relief." *Rodríguez-Ortiz v. Margo Caribe, Inc*., 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). The plausibility inquiry has two steps: "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting

---

[1] MIT has not submitted the administrative complaint in support of its Motion to Dismiss because that complaint identifies Plaintiff by name and Plaintiff seeks to proceed in this matter pseudonymously. Although Plaintiff should not be permitted to do so, for the reasons stated above, MIT has refrained from naming him here until that issue is decided. MIT is willing to file the administrative complaint under seal or take such other action to facilitate review of that matter as this Court directs.

*Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)) (additional citation omitted). This second step requires the reviewing court to "draw on its judicial experience and common sense." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic*, 550 U.S. at 555 (citations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* at 555 (citations omitted).

### B.     Elements of a Title IX Retaliation Claim

Title IX prohibits educational agencies that receive federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681(a). Retaliation against a person who speaks out against sex discrimination is a form of sex discrimination prohibited by Title IX. *Jackson v. Birmingham Bd. of Ed.*, 544 U.S. 167, 178 (2005).

To state a claim of retaliation in violation of Title IX, Plaintiff must plausibly allege that (1) he engaged in protected conduct, i.e., he complained about sex discrimination; (2) he was subjected to a materially adverse employment action; and (3) the adverse employment action was causally linked to the protected conduct. *Theidon v. Harvard Univ.*, 948 F.3d 477, 505 (1st Cir. 2020). In addition, Plaintiff must plausibly allege that the retaliatory conduct constituted an official act or policy of MIT, or that MIT was on notice of retaliatory conduct and was deliberately indifferent to it. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998); *Jackson,* 544 U.S. at 172. Put another way, an educational institution is not strictly or

4

vicariously liable under Title IX for the "independent actions" of its employees; rather the institution is liable only for its "own official decision" to discriminate. *Gebser*, 524 U.S. at 290-91. *See also Harnois v. Univ. of Mass. at Dartmouth*, No. CV 19-10705-RGS, 2019 WL 4762604, at *4 (D. Mass. Sept. 30, 2019) ("Title IX's implied private right of action for money damages extends 'only to claims against the educational institution itself.'") (quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 65 (1st Cir. 2002)).

### C. The Complaint Fails Plausibly to Allege a Causal Connection Between Protected Activity and a Materially Adverse Action.

The Complaint fails to state a claim for retaliation under Title IX because it fails plausibly to allege a causal link between Plaintiff's alleged complaints of sex discrimination and the one materially adverse action he alleges – the termination of his employment.

As discussed above, Plaintiff alleges that he "reported his concerns" about unlawful activity including sex discrimination in meetings with his supervisor "between about late September 2019 and January 2020," Compl. ¶ 10, but Plaintiff does not specify that it was his supervisor, or any other person with knowledge of the protected activity, who caused him to be terminated.[2] *See Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 139 (1st Cir. 2013) ("Obviously … the employee must show that the retaliator knew about her protected activity – after all, one cannot have been motivated to retaliate by something he was unaware of."). Plaintiff alleges that his supervisor expressed a desire to terminate him, *id.*, ¶ 12, but expressing such a desire, assuming that were true, obviously is not the same thing as acting upon it.

---

[2] The Complaint alleges that "Plaintiff terminated Plaintiff," which obviously is a scrivener's error. Compl. ¶ 14. The Complaint later alleges that "MIT, through its agents including Plaintiff's supervisor, retaliated against Plaintiff" in various ways including by terminating his employment – but without specifying who among "MIT's agents" did what. *Id.*, Count I, ¶ 4.

Lacking any plausible allegation that Plaintiff was terminated by a person with knowledge of his protected activity, Plaintiff's claim would have to rely upon temporal proximity between the protected activity and the adverse action. It is well-established, however, that the temporal proximity must be "very close," *Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 25 (1st Cir. 2004) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citation omitted),[3] and that a gap of even three or four months between the protected activity and adverse action – less than the gap in this case – will defeat a causal connection based on temporal proximity. *Id*. (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir.1997); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir.1992)); *see also Pena v. Honeywell Int'l, Inc.*, 923 F.3d 18, 32 (1st Cir. 2019) (four-month gap between protected conduct and discharge is not "very close") (citing *Cherkaoui v. City of Quincy*, 877 F.3d 14, 29 (1st Cir. 2017)); *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 337-38 (1st Cir. 2005) (same).

Plaintiff allegedly expressed other concerns in May 2020, shortly before he was terminated, but those concerns were about the transition of temporary workers to staff positions, Compl. ¶ 14 – not sex discrimination – and thus were not protected activity that could support a claim of retaliation under Title IX.

Plaintiff allegedly experienced two other adverse actions closer in time to the alleged protected activity, Compl. ¶ 11, but they are not materially adverse actions sufficient to support a claim of retaliation. First, Plaintiff alleges that his supervisor asked him to arrive to work early to watch the supervisor's dog. *Id*. Plaintiff does not allege that the supervisor said or suggested

---

[3] While these are Title VII cases, the First Circuit looks to Title VII jurisprudence in analyzing Title IX claims. *See Frazier*, 276 F.3d at 65-66.

that Plaintiff must do so or suffer some adverse consequence; that this happened more than once; or that Plaintiff acceded to this request.  *See Ahern v. Shinseki*, 629 F.3d 49, 56 (1st Cir. 2010) (to qualify as an adverse action, a proposed action "must be brought to fruition").  Moreover, such a request – while it would be improper – is the sort of "petty slight" or unwelcome work assignment that fails to support a claim of retaliation.  *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) ("petty slights" in the workplace ordinarily do not support a claim of retaliation); *Morales-Vallellanes v. Potter*, 605 F.3d 27, 36 (1st Cir. 2010) (plaintiff's temporary work reassignment, albeit disadvantageous, was "a far cry from those situations" in which a disadvantageous assignment has been found to support a claim of retaliation) (citing *Valentin-Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 95 (1st Cir. 2006) (circumstances supporting retaliation claim included employee's transfer "for an unusually long" time to "remote and solitary" duty site which was "regarded as punishment")).  Second, Plaintiff alleges that his supervisor "berated" him "in front of colleagues for being late to work when [he] was virtually always the first in the office."  Compl. ¶ 11.  Here, too, however, Plaintiff does not allege that this apparently isolated incident involved any "tangible consequences," as required to support a retaliation claim.  *See Bhatti v. Trustees of Bos. Univ.*, 659 F.3d 64, 73 (1st Cir. 2011) ("a criticism that carries with it no consequences is not materially adverse and therefore not actionable" as retaliation).

Because Plaintiff has failed plausibly to allege a causal connection between his alleged protected activity and his termination, the Complaint fails to state a claim on this basis alone.

### D.    Plaintiff Fails Plausibly to Allege Retaliation Attributable to MIT

The Complaint also fails to state a claim of retaliation under Title IX because it fails plausibly to allege any "official decision to discriminate" by MIT.

The Complaint does not allege that Plaintiff's purportedly retaliatory discharge amounted to an official act or policy of MIT, as distinct from the isolated act of an individual employee. Plaintiff alleges only that his supervisor wanted to fire him, not that his supervisor actually did so or had the authority to do so. "To establish Title IX liability, [the employee] must make a showing that the [recipient of federal funding], through one of its officials with authority to address the alleged discrimination," [retaliated] against [him]." *Turley v. McKenzie*, No. CV 14-14755-LTS, 2018 WL 314814, at *12 n.13 (D. Mass. Jan. 5, 2018) (quoting *Gebser*, 524 U.S. 274 at 290). Plaintiff does not allege that his supervisor, or any other person involved in the decision to terminate him, had such authority. *Id.*

Plaintiff's Complaint alludes to the alternative "deliberate indifference" framework for establishing retaliation attributable to MIT, but it does so only in a conclusory fashion – asserting that MIT "knowingly maintains policies and practices fostering a retaliatory environment" in which "the professor is always right." Compl., Count I, ¶ 6. This is not a plausible allegation that a person at MIT with authority to address retaliatory conduct was actually aware of such conduct and deliberately indifferent to it, thus resulting in Plaintiff's termination. The Complaint fails to state a claim on this basis as well.

**Conclusion**

The Court should enter an order dismissing the Complaint.

October 18, 2023

        MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

        */s/ Daryl J. Lapp*
        Daryl J. Lapp, BBO# 554980
        daryl.lapp@lockelord.com
        LOCKE LORD, LLP
        Samantha M. Vasques, BBO #691957
        samantha.vasques@lockelord.com
        111 Huntington Avenue, 9th Floor
        Boston, MA  02199
        617.239.0100

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, as follows:

John Doe (a pseudonym) – by electronic and first-class mail

        */s/ Samantha M. Vasques*
        Samantha M. Vasques

134915083v.4