UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| JOHN DOE (a pseudonym),<br><br>   Plaintiff<br><br>  v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br><br>   Defendant |

Civil Action No.: 1:23-cv-11490-PBS

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

Defendant Massachusetts Institute of Technology ("MIT") submits this memorandum in support of its motion to dismiss Plaintiff's First Amended Complaint.

**Nature of the Case**

MIT is a private university with its principal place of business in Cambridge, Massachusetts.  Am. Compl. ¶ 2.  Plaintiff was an administrative assistant at one of MIT's laboratories from November 2018 to May 2020.  *Id*. ¶ 5.

Plaintiff was terminated on May 20, 2020.  *Id*. ¶ 18.  He claims the termination "was because of, and in retaliation for, [his] opposition to sex- and gender-based discrimination and harassment occurring in the Laboratory."  *Id.*

**Argument**

A complaint must name all parties.  Fed. R. Civ. P. 10(a).  The Amended Complaint fails to name the Plaintiff.  He purports to bring this case under the pseudonym "John Doe," but without seeking leave to do so and without any basis for doing so.

The Amended Complaint claims that Plaintiff "filed a Motion to Proceed Under Pseudonym, Ex Parte, concurrently with the filing of the original Complaint."  Am. Compl. at 1,

n.1.  But the docket reveals no such filing, much less an order allowing Plaintiff to proceed

pseudonymously.

Nor is there any basis for Plaintiff to proceed pseudonymously.  Litigation by pseudonym

is permitted only in "exceptional cases."  *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir.

2022).  The First Circuit has identified just four general categories of "exceptional" cases in

which anonymity is warranted:  (1) where a person reasonably fears unusually severe physical or

psychological harm; (2) where harm would come to innocent non-parties; (3) where "anonymity

is necessary to forestall a chilling effect on future litigants who may be similarly situated," which

typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy,

medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior

proceeding made confidential by law," such as one involving juvenile records or a family court

adjudication.  *Id.* at 71.  No such circumstances are present in this case.

Moreover, the Amended Complaint essentially repeats the allegations that Plaintiff –

using his real name – made in a complaint of retaliation against MIT and his supervisor that

Plaintiff filed with the Massachusetts Commission Against Discrimination ("MCAD") and the

Equal Employment Opportunity Commission ("EEOC").[1]  That public filing also defeats any

attempt to litigate this case using a pseudonym.  *See Doe v. Bell Atlantic Business Systems*

*Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]cause plaintiff's true identity was

---

[1]   MIT has not submitted the administrative complaint in support of its Motion to Dismiss
because that complaint identifies Plaintiff by name and Plaintiff seeks to proceed in this matter
pseudonymously.  Although Plaintiff should not be permitted to do so, for the reasons stated
above, MIT has refrained from naming him here until that issue is decided.  MIT is willing to file
the administrative complaint under seal or take such other action to facilitate review of that
matter as this Court directs.

revealed in administrative proceedings [before the EEOC and MCAD], the request for anonymity is effectively moot.").

Nor is Plaintiff's desire to proceed pseudonymously saved by his allegation that another plaintiff, in a supposedly "related case," is "imminently filing" some unspecified "notice," "so that the respective pseudonym motions in these two cases may be considered jointly." Am. Compl. at 1, n.1. The case to which Plaintiff refers is *Jane Doe v. John Roe and Massachusetts Institute of Technology*, No. 1:23-cv-11935-WGY. The two cases have not been designated as "related cases." Moreover, as of the date of this filing, the plaintiff in *Jane Doe* has not filed a motion for leave to proceed pseudonymously, much less any request that such a motion be heard concurrently with a motion in this case. In fact, the defendants in that case have moved to dismiss it because the Plaintiff has not sought leave to proceed pseudonymously and has no basis for doing so. *Id.*, Dkt. 17 (motion to dismiss) and 18 (supporting memorandum).

Because Doe has filed his complaint pseudonymously, without leave to do so and with no basis for doing so, the Amended Complaint should be dismissed.

**Conclusion**

The Court should enter an order dismissing the First Amended Complaint with prejudice.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO No. 554980
daryl.lapp@lockelord.com
LOCKE LORD, LLP
Margaret Brown, BBO No. 712003
margaret.brown@lockelord.com
111 Huntington Avenue, 9th Floor
Boston, MA 02199
617.239.0100

January 9, 2024

**Certificate of Service**

I certify that on January 9, 2024, I caused a copy of this document to be served upon the plaintiff by email and first-class mail.

/s/ *Daryl J. Lapp*
Daryl J. Lapp

4

135799853v.4