UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE (pseudonym),<br><br>　　　　Plaintiff,<br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>　　　　Defendant. | Civil Action No.: 1:23-cv-11490-PBS<br><br>**EXHIBIT 3** |

**PLAINTIFF'S MOTION TO ENFORCE DEADLINE TO RESPOND
TO FIRST AMENDED COMPLAINT, AND MEMORANDUM OF LAW**

John Doe ("Plaintiff") respectfully requests that this Honorable Court order the Defendant, Massachusetts Institute of Technology ("MIT"), to file its answer to the First Amended Complaint (Doc No. 26, "FAC") without further delay. In support of this motion, Plaintiff submits the following:

MIT was obligated to either answer the FAC or file a "pre-answer motion under Rule 12" (specifically, Fed. R. Civ. P. 12(b), 12(e), or 12(f)) by January 11, 2024. Fed. R. Civ. P. 15(a)(3); Fed. R. Civ. P. 12(a); Doc No. 20 ("Extension of Time to File Answer"); Doc No. 24 ("Order Granting Extension"). See also *Hudson v. Spencer*, Civil Action No. 11-12173-NMG (D. Mass. July 31, 2013), "R&R Re: Motion For Judgment By Default [...]" (explaining the operation of pre-answer Rule 12 Motions in lieu of answer).

The January 11, 2024 deadline granted by this Court (Order Granting Extension) and proposed by MIT was an extension of time to "answer or otherwise respond to the Plaintiff's First Amended Complaint." Extension of Time to File Answer. "Absent an extension, [this response] would be due January 4, 2024." *Id.* MIT's obligation was clear, which, reading with Fed. R. Civ. P. 15(a)(3) with 12(a), required either an answer or a pre-answer Rule 12 Motion.

1

We respectfully bring to the Court's attention that, despite the clear directives of the procedural timeline, MIT has not yet complied by filing a formal answer to the FAC or a pre-answer Rule 12 Motion.

In particular, on January 9, 2024, MIT filed an unconventional[1] Motion to Dismiss "pursuant to Fed. R. Civ. P. 10(a)," focusing exclusively on Plaintiff's use of a pseudonym. Doc No. 26 ("MTD"); ECF N. 27 ("MTD Memo"). This is not one of the enumerated pre-answer Rule 12 Motions, and it is clear in the title and text of the motion and memorandum that it was not brought pursuant to Rule 12. MTD; MTD Memo. See also *Lopez v. Sromovsky*, No. 17-2183 (E.D. Pa. Feb. 28, 2019). ("[The defendant] brings his Motion pursuant to Rule 10(a), but Rule 10(a) does not itself provide a mechanism for dismissal of claims.")

If a defendant seeks to raise a defense under Fed. R. Civ. P. 12(b), they must "assert" one of the enumerated defenses, rather than imply one. "A party may assert the following defenses by motion: [...] A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." *Id.*

While MIT was afforded the opportunity to pursue a pre-answer Rule 12 Motion, it elected for a different approach that markedly omitted references to Rule 12(b)(6) in its Motion to Dismiss (MTD), as compared with its previous motion to dismiss (Doc No. 12). The standards of review for dismissal under Fed. R. Civ. P. 12(b)(6) were also removed from supporting memorandum (MTD Memo.; Doc No. 13). Without presuming to speculate as to MIT's reasoning, this would avoid the procedural safeguards provided by Fed. R. Civ. P. 12(b)(6) and the substantive review standards that accompany it. Regardless of reasons, MIT's *id.* 12(b)(6) defense was not renewed.

---

[1] This approach is unconventional because Rule 10(a) typically governs the form of pleadings, not the grounds for dismissal.

2

Moreover, because MIT did not raise any Fed. R. Civ. P. 12(b) defense regarding the use of a pseudonym in its earlier motion to dismiss (Doc No. 12) besides *id.* 12(b)(6), other categories of *id.* 12(b) defenses would be waived, because pseudonymity is challenged for identical reasons in the MTD as it would have been earlier, using identical text. *Id.* 12(g).

It is not within standard procedural practice for a motion to dismiss filed under Fed. R. Civ. P. 10(a) to halt progression toward discovery and case advancement. The Federal Rules distinctly privilege the Fed. R. Civ. P. 12(b) motions for this purpose, explicitly permitting such a pause only when a defendant files a motion under the provisions of Fed. R. Civ. P. 12. This ensures that only certain procedural challenges can suspend a case's progress.

To ensure fairness and due process, Fed. R. Civ. P. 12(b) establishes clear standards for raising pre-answer defenses. Specifically, if MIT had reasserted its motion to dismiss under Fed. R. Civ. P. 12(b)(6) to challenge the Plaintiff's pseudonymity, this motion would be subject to the rigorous review standards of Fed. R. Civ. P. 12(d). Under *id.* 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." This procedural route entitles a plaintiff to a more comprehensive discovery process under Fed. R. Civ. P. 56(c), ensuring a fair opportunity to present all relevant evidence.

Establishing whether a party may proceed pseudonymously relies heavily on materials outside the pleadings (see criteria established in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022) (*Doe v. MIT*)); MIT itself had already referred to such facts and documents itself (MTD; MTD Memo).

Following *Doe v. MIT*, a party in the First Circuit may now move to use pseudonyms by filing an *ex parte* motion seeking permission from the Court. *Id.* It is implicit in the *Doe v. MIT* decision that the use of a pseudonym is permitted while such a motion is being considered.

Without more, there is no reason such a case should halt. MIT asserted that it knows Plaintiff's identity. MTD Memo. MIT has asserted no impediments to answering the FAC. *Id.* In light of MIT's decision against filing a pre-answer Rule 12 Motion, we respectfully seek the Court's enforcement of the due date for the FAC's response, which was January 11, 2024. Timely progress of this case will facilitate its resolution.

This is not just a procedural technicality: an undue delay of MIT's answer, or the perception of a stalled case, could impact Plaintiff while he seeks to retain counsel (Doc No. 15, 29). Moreover, here, adjudicating use of a pseudonym may include deciding whether to consolidate review of another MIT case on the same issue, so the delay could be impactful. FAC No. 1 at 1 (noting potentially related case warranting joint consideration as to pseudonym); MTD Memo. (identifying *Jane Doe v. John Roe and MIT*, No. 1:23-cv-11935-WGY as the case).

WHEREFORE, Plaintiff respectfully requests that this Court order the Defendant, MIT, to file its answer promptly to the First Amended Complaint, by a date in the Honorable Court's discretion, to advance the timely progression of this case toward discovery and resolution.

Respectfully submitted,

Dated: February 6, 2024

JOHN DOE

/s/ John Doe
John Doe
26 New Derby St #301
Salem, MA 01970
john.doe.cv11490@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed in person with the Clerk of the Court on February 6, 2024, will be served on February 6, 2024 via postage paid, stamped, first class mail addressed to Daryl J. Lapp, Locke Lord LLP, 111 Huntington Avenue, Boston, MA 02199.

/s/ John Doe
John Doe

4