UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE (a pseudonym),<br><br>        Plaintiff<br><br>    v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>        Defendant | Civil Action No.: 1:23-cv-11490-PBS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT**

The defendant Massachusetts Institute of Technology ("MIT") submits this opposition to Plaintiff's motion to enforce a deadline for MIT to respond to Plaintiff's First Amended Complaint. The motion is entirely without merit, as MIT timely responded to the First Amended Complaint by moving to dismiss it.[1]

**Relevant Procedural Background**

Plaintiff is a former employee of MIT, who claims his termination was in retaliation for opposing discrimination and harassment on the basis of sex and gender in the workplace. He filed his original Complaint on June 30, 2023, as "John Doe." Dkt. 1. Although the Complaint alleged that Plaintiff had filed a Motion to Proceed Under Pseudonym concurrently with the filing of his Complaint, *id.* at 1 n.1, the docket reveals no such motion.

Plaintiff then waited nearly three months, until September 27, 2023, to serve the Complaint. MIT promptly filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and pursuant to Fed. R. Civ. P. 10(a) because the Complaint failed to name all parties. Dkt. Nos. 12, 13.

---

[1] Plaintiff also filed his motion without attempting to confer with MIT's counsel, contrary to Local Rule 7.1.

Plaintiff sought and was granted additional time in which to oppose MIT's motion. Dkt. Nos. 15, 16, 18. Instead of opposing the motion to dismiss, however, Plaintiff filed a First Amended Complaint – again as John Doe, without seeking leave to proceed pseudonymously, and falsely alleging that he had filed such a motion. Dkt. 19 at 1, n.1.

MIT sought and was granted a one-week extension of time to "answer or otherwise respond to the First Amended Complaint." Dkt. Nos. 20, 23. MIT then timely responded by filing a new Motion to Dismiss – this time citing just the failure to name all parties in violation of Rule 10(a). Dkt. Nos. 26, 27.

Plaintiff argues that MIT's only options for responding to the First Amended Complaint were to file an answer or a motion to dismiss pursuant to Rule 12. That is incorrect. Rule 12 establishes certain grounds for seeking dismissal of a claim, but those grounds are not exclusive. Rule 41(b) provides that "a defendant may move to dismiss the action" if "the plaintiff fails … to comply with these rules," i.e., the Rules of Civil Procedure, and it allows for such a motion to be brought at any time. That is what MIT did when it moved to dismiss the First Amended Complaint based upon Plaintiff's failure to comply with Rule 10(a). The very case on which Plaintiff relies makes the point that while Rule 10(a) does not by itself provide a mechanism for dismissal, the failure to comply with Rule 10(a) is a basis for dismissal pursuant to Rule 41(b). *Lopez v. Sromovsky*, No. 17-2183, slip op. at 3 n.5 (E.D. Pa. Feb. 28, 2019). MIT in hindsight should have referenced Rule 41(b) along with Rule 10(a) in its Motion to Dismiss. Regardless, MIT's Motion to Dismiss was a proper "response" to the First Amended Complaint and MIT is entitled to a ruling on that motion before it must incur the burden and expense of responding to the First Amended Complaint.

Also without merit is Plaintiff's suggestion that MIT somehow is responsible for delaying the adjudication of Plaintiff's ability to use a pseudonym.  Plaintiff should have filed a motion for leave to proceed pseudonymously along with his original Complaint, in June 2023 – more than seven months ago.  Since that time, Plaintiff has been dragging his feet on the issue, whereas MIT has been seeking a ruling on it from its first appearance in the case.

## Conclusion

Plaintiff's Motion to Enforce Deadline should be denied.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO# 554980
   daryl.lapp@lockelord.com
Margaret Brown, BBO #712003
   margaret.brown@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, MA  02199
617.239.0100

February 8, 2024

## Certificate of Service

I certify that on February 8, 2024, I caused a copy of this document to be served upon the plaintiff by first-class mail.

/s/ *Daryl J. Lapp*
Daryl J. Lapp