UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE (a pseudonym),<br><br>    Plaintiff<br><br>  v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Defendant | Civil Action No.: 1:23-cv-11490-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER THE COURT'S ORDER ALLOWING PLAINTIFF TO PROCEED UNDER A PSEUDONYM**

Massachusetts Institute of Technology ("MIT") submits this memorandum in support of its Motion to Reconsider the Court's Order Allowing Plaintiff to Proceed Under a Pseudonym.

**Nature of the Case**

MIT is a private university with its principal place of business in Cambridge, Massachusetts. Plaintiff worked at one of MIT's laboratories from November 2018 to May 2020. Plaintiff was not employed by MIT; he[1] was placed at MIT by an employment agency.

Plaintiff was terminated on May 20, 2020, allegedly in retaliation for opposing sex- and gender-based discrimination and harassment in the laboratory. The Amended Complaint purports to state claims for retaliation in violation of Title IX of the Education Amendments of 1972. MIT denies the material allegations of the Amended Complaint in their entirety.

**Relevant Procedural History**

Plaintiff filed his original Complaint in this case on June 30, 2023. The Complaint alleged that Plaintiff had filed contemporaneously an *ex parte* motion for leave to proceed pseudonymously. Dkt. 1, at n.1. However, no such motion appears on the docket.

---

[1] Plaintiff uses the pronouns he/him/his in the Amended Complaint, so MIT will do so as well. If Plaintiff indicates a preference for different pronouns, MIT will use those instead.

MIT moved to dismiss the Complaint, arguing among other things that the Complaint violated Fed. R. Civ. P. 10 by failing to name the Plaintiff.  In the memorandum supporting its motion, MIT noted that Plaintiff apparently had not filed any motion for leave to proceed pseudonymously and there was no basis for Plaintiff to do so in any event.  Dkt. 13 at 2-3.

Instead of opposing MIT's motion to dismiss, Plaintiff filed an Amended Complaint, which again alleged that Plaintiff had filed a motion for leave to proceed pseudonymously.  Dkt. 19 at n.1.  Before renewing its motion to dismiss, MIT's counsel sent Plaintiff an email stating MIT's intention to file such a motion, which would "assert the Rule 10 grounds we argued last time" – i.e., the fact that Plaintiff had not sought leave to proceed pseudonymously and had no grounds for doing so – and inviting Plaintiff to confer as required by Rule 7.1.  Plaintiff did not respond.  MIT then moved to dismiss the Amended Complaint, again stating that Plaintiff apparently had not filed any motion for leave to proceed pseudonymously and had no basis for doing so in any event.  Dkt. 27 at 1-2.

Plaintiff summarily opposed the motion to dismiss, Dkt. 28, and – roughly three weeks later – filed a supporting memorandum.  Dkt. 36.  In that memorandum, Plaintiff revealed to MIT for the first time Plaintiff's purported bases for proceeding pseudonymously.  The memorandum also revealed that while Plaintiff had, in fact, filed a motion for leave to proceed pseudonymously along with the original Complaint, Plaintiff purposefully withheld the motion from MIT for the ensuing seven months.  Although MIT had stated in multiple court filings that it believed no such filing existed, Plaintiff withheld the document "because MIT's counsel never made contact with Plaintiff to request a copy of the Pseudonym Motion or Pseudonym Decl[aration]."  Dkt. 36 at 5.  This is sheer gamesmanship.  MIT had made clear its belief that no such filing existed – and to this day, no such filing appears on the docket.  Plaintiff claims he

withheld the filing because MIT did not specifically request a document that Plaintiff knew MIT did not believe to exist.

Before MIT could file a reply addressing this gamesmanship, and the substance of Plaintiff's arguments for proceeding anonymously, the Court denied MIT's motion to dismiss, thus allowing Plaintiff to proceed under a pseudonym. Dkt. 38.

## Argument

It is axiomatic that a plaintiff ordinarily must proceed in their own name. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties …"). Litigation by pseudonym is permitted only in "exceptional cases." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). The First Circuit in *Doe v. MIT* identified just four general categories of "exceptional" cases in which anonymity is warranted: (1) where a person reasonably fears unusually severe physical or psychological harm; (2) where harm would come to innocent non-parties; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," which typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy, medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior proceeding made confidential by law," such as one involving juvenile records or a family court adjudication. *Id*. at 71. No such circumstances are present in this case.

### A.    Plaintiff's transgender status

Plaintiff seeks to proceed under a pseudonym because Plaintiff is transgender. Dkt. 38 at 5-12. Plaintiff's memorandum wastes several pages discussing cases in which courts have declined to "out" a "transgender person whose gender identity is otherwise kept secret" – before finally conceding that Plaintiff already is "out." *Id*. at 10. Plaintiff goes on to argue that he nevertheless should be allowed to proceed anonymously because identifying Plaintiff as

3

transgender in this litigation would change the "scale" and "scope" of that "exposure."  *Id*. at 11.  This argument is entirely without merit for two reasons.

First, Plaintiff's suggestion that they are concerned about the "scale" and "scope" of persons who know Plaintiff is transgender, and that this litigation would materially increase that exposure, is patently false.  Plaintiff maintains an active, open presence on social media which prominently features his transgender status.  If a person puts Plaintiff's name into the search engine Google, the first item that Google delivers is Plaintiff's account on "X," formerly known as Twitter, on the first page of which appears a post in which Plaintiff declares that "God blessed me by making me transsexual … ."  This post is followed closely by another in which Plaintiff proudly notes that the preceding entry "has now repeatedly gone viral … across at least three major social media platforms."[2]  This is just one of several Google results which reveal Plaintiff as a member of the LGBTQ community.  Simply put, Plaintiff makes no secret of his transgender status.  If Plaintiff truly believed that public knowledge of his status exposed him to a material risk of harm, he would not "tweet" about it and celebrate that the post had gone viral on multiple social media platforms.

Second, there is no occasion for this case to contribute to the "scale" and "scope" of awareness about Plaintiff's transgender status.  Plaintiff's claims against MIT are for retaliation, not discrimination.  Plaintiff does not claim that MIT retaliated against Plaintiff because of his transgender status.  Instead, Plaintiff claims that MIT retaliated against Plaintiff for complaining about alleged discrimination against others.  Plaintiff's transgender status is irrelevant to his claims, as evidenced by the fact that the Amended Complaint, like the original Complaint, makes

---

[2] A copy of these posts, redacted to conceal Plaintiff's identity, is attached as Exhibit A.

4

no mention of Plaintiff's transgender status.  Plaintiff's transgender status is not at issue and need not be disclosed in this litigation.

        **B.**     **The purported privacy interests of others**

Plaintiff purports to be concerned that if he is required to proceed in this case under his own name, this will improperly reveal the identities of students or other third parties.  Dkt. 38 at 12-14.  Plaintiff fails to explain why that would be the case.

Plaintiff cites the Family Educational Rights and Privacy Act (FERPA), *id*. at 12-13, which generally requires educational institutions such as MIT not to reveal information from student "education records" without the student's consent, but which allows disclosure in various circumstances including in response to a court order or lawfully issued subpoena.  34 C.F.R. § 99.31(a)(9).  Plaintiff fails to identify any FERPA-protected information that this case would involve.  Moreover, before MIT could produce any such information in response to a court order or subpoena, it must give notice to the student, so that the student can seek to quash the subpoena or order before the information is produced.  34 C.F.R. § 99.31(a)(9)(ii).  FERPA thus enables students to assert their own privacy interests; it is not for Plaintiff to do so on their behalf.

Plaintiff also refers to the privacy interests that courts and universities both have recognized in relation to cases involving sexual assaults, including those brought pursuant to Title IX of the Education Amendments of 1972.  Dkt. 38 at 13-14.  But this case does not involve any claims of sexual assault.

Plaintiff also refers to another "potentially-related" case in which the plaintiff seeks to proceed against MIT under the pseudonym "Jane Doe."  Dkt. 38 at 14.  But that case provides no support for Plaintiff's request for leave to proceed under a pseudonym.  Plaintiff is referring to *Jane Doe v. John Roe and Massachusetts Inst. of Tech.*, No. 1:23-cv-11935, which is pending before Judge Young.  MIT moved to dismiss the complaint in that case because the plaintiff filed

5

her complaint as "Jane Doe" without leave of court and without any basis for proceeding under a pseudonym. On March 13, 2024, following oral argument on MIT's motion, Judge Young ordered the plaintiff to file an amended complaint in her own name within 30 days or the complaint will be dismissed. *Id*. (docket entry on April 2, 2024).

### C. Plaintiff's prior MCAD/EEOC filings in his own name defeat any argument to proceed anonymously.

Prior to filing this case, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) and Equal Employment Opportunity Commission (EEOC), which included the same allegations of retaliation.[3] That public filing also defeats any attempt to litigate this case using a pseudonym. *See Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]ecause plaintiff's true identity was revealed in administrative proceedings [before the MCAD and EEOC], the request for anonymity is effectively moot.").

Plaintiff contends that MCAD complaints no longer are subject to disclosure through public records laws. Dkt. 38 at 15. The argument is made with no citation to authority and is not correct. *See* 804 CMR 804.21. Indeed, the fact that certain MCAD records are subject to disclosure is confirmed by Plaintiff's assertion that he "has taken administrative steps to cause them to be exempted from public records requests … ." Dkt. 38 at 15.

Plaintiff's argument that the First Circuit's decision in *Doe v. Town of Lisbon*, No. 22-1525 (1st Cir. Aug. 16, 2023), is "binding precedent" on this issue, because it involved "the exact circumstances here," Dkt. 38 at 14-15, also is incorrect. That case involved an underlying proceeding the entire purpose of which was to protect a litigant's identity from public disclosure

---

[3] MIT will provide a copy of this administrative filing for the Court's in camera review, or under seal, as the Court directs.

6

– a former police officer's challenge to the inclusion of his name on New Hampshire's "Exculpatory Evidence Schedule" of "officers who have engaged in misconduct reflecting negatively on their credibility or trustworthiness." *Id.*, slip op. at 3 (citations omitted). The underlying administrative case was a "prior proceeding made confidential by law" – one of the four categories of cases the First Circuit recognized as appropriate for proceeding under a pseudonym in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st 2022). *Town of Lisbon*, slip op. at 13. This is no such case.

## Conclusion

The Court should enter an order requiring Plaintiff to proceed under his own name. The order should require Plaintiff to file a further, amended complaint, in his own name, within ten days of the Court's order, or the case will be dismissed with prejudice.

|  |  |
|---|---|
|  | MASSACHUSETTS INSTITUTE OF TECHNOLOGY, |
|  | */s/ Daryl J. Lapp*<br>Daryl J. Lapp, BBO No. 554980<br>  daryl.lapp@lockelord.com<br>Margaret Brown, BBO No. 712003<br>  margaret.brown@lockelord.com<br>LOCKE LORD, LLP<br>111 Huntington Avenue, 9th Floor<br>Boston, MA  02199 |
| April 5, 2024 | 617.239.0100 |

## Certificate of Service

I certify that on April 5, 2024, I caused a copy of this document to be served upon the plaintiff by first-class mail.

/s/ *Daryl J. Lapp*
Daryl J. Lapp

7

136949307v.4