IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Doe (a pseudonym), <br>    Plaintiff, <br><br> v. <br><br> Massachusetts Institute of Technology, <br>    Defendant | Civil Action No. 1:23-cv-11490-PBS <br><br> Motion to Intervene, Unseal, and for Permission to E-File, and <br> Memorandum in Support of Motion |

**Motion to Intervene, Unseal, and for Permission to E-File**

Eugene Volokh, senior fellow at Stanford University's Hoover Institution and professor emeritus of law at UCLA, moves to permissively intervene in this action under Federal Rule of Civil Procedure 24(b). He also moves to unseal the order by which this Court reconsidered Plaintiff's grant of pseudonymity, ECF No. 61; the motion, responses, and replies that led to the order, ECF Nos. 46, 47, and 54; the motion and opposition to alter or amend it, ECF Nos. 66 and 69; and the motion and accompanying documents that led to the original grant of pseudonymity, ECF No. 2.

Volokh certifies that he has attempted to confer with the parties on the motion. Defendants have stated that they do not oppose the motion; Plaintiff had at first expressed openness to meeting and conferring, and has suggested that he would be open to some degree of unsealing through some mechanism, but has not responded to Volokh's further attempts to set a time for a conversation.

Volokh would also like to ask for permission to e-file future filings, such as any reply to any opposition to this motion. He is familiar with the CM/ECF system, which he has used in other Districts.

1

## Memorandum of Law in Support of Motion

In his academic work and for Reason Magazine, Volokh has written extensively about the law of pseudonymous litigation. *E.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); Eugene Volokh, *Protecting People from Their Own Religious Communities: Jane Doe in Church and State*, 38 J.L. & Religion 354 (2023); Eugene Volokh, *If Pseudonyms, Then What Kind?*, 107 Judicature 76 (2023); https://reason.com/tag/right-of-access/. He would like to write about the reasoning that led this Court to grant and reconsider pseudonymity here. But he cannot do that so long as the orders and motions that led to those orders remain sealed. Because he, as a journalist and member of the public, enjoys a common-law and First Amendment right to view these documents, he is entitled to have the documents unsealed and to intervene for the purpose of obtaining such unsealing.

### I. Permissive intervention is the correct way for Volokh to enforce his right of access, and Volokh is entitled to intervene

"When a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). Volokh has standing to intervene, because he is invoking his own common-law and First Amendment right of access (see Part II): "Courts, including this one, routinely have found that third parties have standing to assert their claim of access to documents in a judicial proceeding." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988).

And because Volokh seeks "to intervene in a case for the limited purpose of unsealing judicial records," the "nexus-of-fact-or-law requirement [of Rule 24(b)] is loosened." *Does 1-6 v. Mills*, No. 21-cv-00242, 2021 WL 6197377, at *1 (D. Me. Dec. 30, 2021) (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)), *stay denied*, *Does 1-3 v. Mills*, 39 F.4th 20 (1st Cir. 2022); *accord Doe v. Town of Lisbon*, No. 21-cv-944, 2022 WL 2274785, at *2 (D.N.H. June 23, 2022). For intervenors like Volokh, "[s]pecificity, e.g., that the intervenors' claim involve the same legal theory that was raised in the main action, is not required." *Does 1-6*, 2021 WL 6197377, at *1 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994)); *accord Doe v. Town of Lisbon*, 2022 WL 2274785, at *2.

Nor would granting intervention "unduly delay or prejudice the adjudication of the original parties' rights." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(3)). He asks only to unseal court records that explain a grant of pseudonymity. He does not challenge the grant of pseudonymity itself or seek to involve himself in the dispute between the parties. "Professor Volokh has standing to intervene and seeks intervention for a limited, permissible purpose. Allowing him to intervene will not require adding claims, defenses, parties, or new pleadings. His request is timely and comes in the preliminary stages of the case." *Doe v. Town of Lisbon*, 2022 WL 2274785, at *3.

"With the Court granting the motion to intervene, the briefing of [the] motion to unseal should proceed in the ordinary course and there is no reason to believe that [it] will cause delay." *Doe v. Smith*, No. 23-cv-00423, 2024 WL 1240935, at *3 (D. Me.

Mar. 22, 2024). And in any event, a timeliness or delay issue would have to be extreme to justify denying intervention where the movant seeks access to court records. In *Liggett*, 858 F.2d at 784-85, the First Circuit granted an intervention sought twelve weeks after judgment on the merits and found that "[n]umerous courts have allowed third parties to intervene in [access-to-court-records] cases . . . involving delays measured in years rather than weeks."

Nor is the "putative intervenor's interest . . . adequately represented by an existing party." *Massachusetts v. U.S. Dep't of Health & Hum. Servs.*, 289 F. Supp. 3d 259, 265 (D. Mass. 2018) (quotation omitted). Neither party has moved to unseal this Court's orders related to pseudonymity or the motions that lead to this order. Because Volokh "seek[s] to vindicate [his] and the public's common law and First Amendment rights of access to judicial proceedings, and that interest is not currently represented by any of the parties, this consideration weighs in favor of granting" intervention." *Does 1-6*, 2021 WL 6197377, at *2.

Intervention to view court records also does not trigger Rule 24(c)'s requirement of an accompanying pleading. "Here, no new claim or defense will be added to the existing suit if intervention is granted, nor will additional parties to the litigation be joined in relation to the merits of [plaintiff's] claims." *Id.* at *3.

Indeed, for the reasons given above, this Court consistently grants Rule 24(b) intervention, without discussion, to journalists and members of the public looking to vindicate their right to see court documents. *See, e.g., Students for Fair Admissions, Inc. v. Harvard Corp.*, No. 14-cv-14176, 2023 WL 3126414, at *3 (D. Mass. Apr. 27,

4

2023); *United States v. Abdelaziz*, No. 19-10080, 2021 WL 4295840, at *3 (D. Mass. Sept. 20, 2021); *Furtado v. Henderson*, Nos. 08-10491 & 09-11030, 2018 WL 6521914, at *1 (D. Mass. Nov. 26, 2018); *United States v. Chin*, No. 14-10363, 2017 WL 5557626, at *1 (D. Mass. Nov. 27, 2017), *vacated and remanded on other grounds*, 913 F.3d 251 (1st Cir. 2019); *Dahl v. Bain Cap. Partners, LLC*, 891 F. Supp. 2d 221, 223 n.1 (D. Mass. 2012); *United States v. Bulger*, 283 F.R.D. 46, 49 n.3 (D. Mass. 2012); *United States v. Connolly*, Nos. 99-10428 & 04-10323, 2005 WL 2010174, at *1 (D. Mass. Aug. 22, 2005). It should grant intervention again here.

Moreover, this Court retains jurisdiction over Volokh's motion to unseal even though Plaintiff has appealed his denial of pseudonymity. "The filing of a notice of appeal . . . divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). Because "the right of access to judicial records and documents is independent of the disposition of the merits," District Courts remain "permitted to consider whether to unseal the record." *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 n.* (4th Cir. 1988)). "The district court [has] jurisdiction to unseal the records at issue, and that jurisdiction [is] not lost by the filing of an appeal," because unsealing does not "materially alter the status of the case." *United States v. Seugasala*, 670 F. App'x 641, 641 (9th Cir. 2016) (quotation omitted).

That remains true even though Plaintiff is appealing the decision related to pseudonymity. Volokh seeks only to understand this Court's decisions, not to unmask

Plaintiff; if any of the papers identifies Plaintiff, this Court could just release the item with the identifying information redacted. By redacting Plaintiff's name before it unseals, this Court can keep "the litigant's true name [out of] the public docket," keep "the toothpaste [in] the tube," and not have Volokh's motion intrude on the appeal. *Doe v. MIT*, 46 F.4th 61, 66 (1st Cir. 2022).

## II. The Court should unseal its pseudonymization orders and related motions

### A. There is a strong presumption that judicial proceedings should be open to the public

"Courts have long recognized that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 15 (1st Cir. 2023) (quoting *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013)). And it is "[p]ublic access to judicial records and documents" that "allows the citizenry to 'monitor the functioning of our courts.'" *Doe v. MIT*, 46 F.4th at 68 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). "Placing court records out of public sight is a serious step, which should be undertaken only rarely and for good cause." *R & G Mortg. Corp.*, 584 F.3d at 12.

Accordingly, the First Circuit has held that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Standard Fin.*, 830 F.2d at 410 (cleaned up). "The starting point must always be the common-law presumption in favor of public access to judicial records." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). That presumption reflects a right that is protected by the First Amendment as well as the common law. *Doe v. MIT*, 46 F.4th at 67 ("The courts of

appeals have recognized a qualified First Amendment right of public access to certain documents filed in civil litigation.").

The right is "strong and sturdy," *McKee*, 649 F.3d at 70 (quoting *Standard Fin.*, 830 F.2d at 410), as "[t]he citizens' right to know is not lightly to be deflected." *Standard Fin.*, 830 F.2d at 410. And the right is at its very strongest when a party tries to put documents beyond the reach of the public that, like this Court's orders, are the product of the District Court's "exercise of Article III judicial power." *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Moreover, when access to judicial records in civil cases implicates the First Amendment, restrictions must survive strict scrutiny. The First Circuit has so held as to criminal cases. *See, e.g., In re Boston Herald, Inc.*, 321 F.3d 174, 181-82 (1st Cir. 2003) (applying this standard to a request to seal records in a criminal case). Other circuits and District Courts in this circuit have held the same as to civil cases. *See, e.g., In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019); *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014); *In re Gitto Glob. Corp.*, Nos. 05-10334 & 05-10532, 2005 WL 1027348, at *12 (D. Mass. May 2, 2005); *Nat'l Org. for Marriage v. McKee*, No. 09-538, 2010 WL 3364448, at *3 (D. Me. Aug. 24, 2010). Under strict scrutiny, "[a] court could meet the 'stringent' First Amendment standard for sealing documents only by articulating 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly

tailored to serve that interest.'" *In re Gitto*, 2005 WL 1027348 at *12 (quoting *In re Boston Herald*, 321 F.3d at 181-82).

### B. The documents Volokh would like unsealed are judicial records and fall within the presumption of public access

"The presumption that the public has a right to see and copy judicial records attaches to those documents which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication." *Standard Fin.*, 830 F.2d at 412-13; *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("The presumption extends to records of civil proceedings."). And the documents Volokh seeks to write about are all part of the "course of an adjudicatory proceeding": They are this Court's decisions and the arguments that gave rise to those decisions.

"Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe v. Pub. Citizen*, 749 F.3d at 267. "The First Amendment . . . creates a presumption of public access that . . . attaches to court orders. There is a long tradition of public access to court orders . . . ." *Hardy v. Equitable Life Assurance Soc'y of the U.S.*, 697 F. App'x 723, 725 (2d Cir. 2017). "[T]his presumption is especially strong. A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions." *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). "As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss v. W. Publ'g Co.*, 542 F.2d 180, 185 (3d Cir. 1976).

"Not only the judgment (which is in the open record) but also the district court's explanation for its judgment should be placed in public view . . . . Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them." *PepsiCo, Inc. v. Redmond*, 46 F.3d 29, 30-31 (7th Cir. 1995). "[I]t should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

The same is true of the motions that underpin the court's ruling, especially when they seek secrecy in the judicial process. For example, "[c]ourts within [the Second] Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access." *Doe v. City of New York*, No. 22-CV-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases).

"[T]he First Amendment right of access attaches" to party filings related to sealing because "'public access plays a significant positive role' in monitoring arguments over the sealing of court records." *Schiller v. City of New York*, Nos. 04 Civ. 7922 & 04 Civ. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (quoting *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 8 (1986)). Motions to proceed pseudonymously are likewise subject to a robust presumption of public access: Even when they are granted, that "do[es] not justify the total sealing of the briefing of this issue." *Doe v. Darden Rests., Inc.*, No. 24-1368, 2024 WL 2881121, at *3 (D. Md. June 7, 2024). A "motion to redact certain information" is "entitled to a strong presumption of public access" as well. *Cheng v. Wilson*, No. 22-CV-10706, 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023).

It is especially important that Volokh be able to write about this Court's orders and the motions that led to them because Plaintiff has appealed the Court's pseudonymity decision. Volokh will be unable to write in an informed way about the appeal if he may not read the decision that is being appealed, or the arguments that led to that decision and to earlier decisions on the same question.

### C. Plaintiff has not overcome the strong presumption of public access to these documents

Volokh does not now express a position on this Court's decisions related to pseudonymity. (This is in part because, without access to the orders and the motions that led to them, he is unable to analyze those decisions.) But he would not object to modest redactions of personally identifiable information from the sealed documents, so that Plaintiff's anonymity can be preserved while the appeal is pending.

"[C]ourts have an obligation to consider all reasonable alternatives to foreclosing the constitutional right of access" before they seal documents, and "[r]edaction constitutes a time-tested means of minimizing any intrusion on that right." *In re Providence J. Co., Inc.*, 293 F.3d 1, 15 (1st Cir. 2002); *accord GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1233-34 (10th Cir. 2022) (requiring movant to show "why redaction in lieu of sealing does not adequately protect any privacy interests it may have"); *IDT Corp.*, 709 F.3d at 1224 (quotation omitted) ("[I]t is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document."); *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) ("[R]edaction is often practicable and appropriate as the least restrictive means of safeguarding sensitive information.").

10

If this Court redacts Plaintiff's name and other identifying information, it will protect whatever claim to pseudonymity he has made for the duration of his appeal. Because redaction is an option, sealing is not "essential to preserve higher values and . . . narrowly tailored to serve that interest," *In re Boston Herald*, 321 F.3d at 182 (quoting *In re Providence J.*, 293 F.3d at 11), and sealing would thus infringe Volokh's First Amendment right of access. For the same reason, there is no "most compelling reason[] [to] justify non-disclosure of judicial records," *Standard Fin.*, 830 F.2d at 410 (quotation omitted), that would overcome Volokh's common-law right of public access.

## Conclusion

Because Volokh is entitled to intervene to enforce his right of public access to court records, this Court should grant his Rule 24(b) motion. And because Plaintiff has not overcome the strong presumption that Volokh is entitled to access the records he seeks, Volokh's motion to unseal should also be granted, subject to such reasonable redactions of the records as this Court deems necessary.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, pro se
Senior Fellow, Hoover Institution
434 Galvez Mall
Stanford, CA 94305
volokh@stanford.edu
(650) 725-9845

## CERTIFICATE OF SERVICE

I certify that on October 9, 2024, I sent copies of this motion by U.S. mail and e-mail to:

John Doe
26 New Derby St # 301
Salem, MA 01970
john.doe.cv11490@gmail.com
Plaintiff

Daryl J. Lapp
Margaret Caitlin Brown
Locke Lord LLP
111 Huntington Ave
Boston, MA 02199
daryl.lapp@lockelord.com
samantha.vasques@lockelord.com
Attorneys for Defendant

s/ Eugene Volokh