UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE (a pseudonym),<br><br>        Plaintiff<br><br>    v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>        Defendant | Civil Action No.: 1:23-cv-11490-PBS |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND JANE SMITH'S MOTION TO INTERVENE**

Defendant Massachusetts Institute of Technology ("MIT") opposes the combined motion by plaintiff John Doe (a pseudonym), seeking relief from three orders of this Court and by a proposed intervenor, Jane Smith (also a pseudonym), seeking leave to intervene. Dkt. 84. The motion is procedurally improper and entirely devoid of merit.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  John Doe and His Claims Against MIT**

Doe previously worked at MIT as a temporary agency placement. He worked in a laboratory where Jane Smith also worked, first as a contractor and later as an MIT employee.

Doe filed this lawsuit on June 30, 2023, claiming that MIT retaliated against him for complaining about alleged discrimination against women, including Jane Smith, in the laboratory where he and Smith worked. Dkt. 1. The Court initially allowed Doe's ex parte request for leave to proceed pseudonymously. Dkt. 2, 9. After MIT moved to dismiss the original Complaint, Dkt. 12, Doe filed an Amended Complaint, still using his pseudonym. Dkt. 19.

On April 5, 2024, MIT moved for reconsideration of the Court's order allowing Doe to proceed pseudonymously, demonstrating that he had no basis for doing so. Dkt. 46, 59.

On July 22, 2024, the Court issued a Memorandum and Order allowing MIT's Motion for Reconsideration.  Dkt. 61.  The Court correctly noted that "[t]his case does not present the 'exceptional circumstances' in which a 'party['s] anonymity ordinarily [is] warranted."  Dkt. 61 at 1 (citing *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71-72 (1st Cir. 2022).  On July 25, 2024, the Court entered a further Procedural Order, which provided that "[w]ithin thirty days, Doe shall (1) file an amended complaint with his name, and (2) propose redactions in the filings that disclose his transgender status."  Dkt. 63.

Doe ignored the Court's Procedural Order and instead filed a Motion to Alter or Amend Judgment, which the Court denied on September 11, 2024.  Dkt. 66, 70.  Although Doe styled the motion as one for relief from a "judgment," the Court to date has not entered judgment; it eventually stayed the case pending the First Circuit's resolution of Doe's appeal (discussed in the following paragraph).  Dkt. 78.

On September 27, 2024, Plaintiff appealed from the Court's orders of July 22 (allowing MIT's motion for reconsideration), July 25 (requiring Plaintiff to file an amended complaint in his own name), and September 11, 2024 (denying Doe's motion to alter or amend the judgment).  Plaintiff's appeal remains pending.  Dkt. 73; First Circuit No. 24-1888.

Doe now moves the Court for relief from the same orders he appealed from.  Dkt. 84.  The motion was filed July 22, 2025 and includes a motion by Jane Smith to intervene.  *Id*.

**B.    Jane Smith and Her Claims**

Jane Smith has her own litigation pending against MIT and "John Roe," a pseudonym for the researcher at MIT who led the laboratory in which Smith and Doe worked.  Jane first sued MIT and Roe on May 5, 2023, using the pseudonym "Jane Doe," in Massachusetts Superior

2

Court.  MIT and Roe removed the case to this court, where it was assigned to Hon. William G. Young.  *Jane Doe v. John Roe and Massachusetts Inst. of Tech.*, C.A. No. 1:23-cv-11935.

MIT and Roe moved to dismiss the Complaint because Jane failed to seek leave of court to proceed under a pseudonym and she had no basis to proceed pseudonymously.  *Id.*, Dkt. 7, 8.  Jane filed a First Amended Complaint, still using the pseudonym Jane Doe. *Id.*, Dkt. 15. MIT and Roe filed a renewed motion to dismiss, again arguing that Jane had no basis to proceed under a pseudonym.  *Id.*, Dkt. 17, 18.

On March 13, 2024, Judge Young heard argument on the second motion to dismiss and orally ordered Jane to file another amended complaint in her own name within thirty (30) days of the hearing or the case would be dismissed.  *Id.,* Dkt. 34.  Jane did not file an amended complaint.  Accordingly, on April 25, 2024, the Court entered an order dismissing the case.  *Id.*, Dkt. 36.  Jane subsequently filed a notice of appeal from Judge Young's April 25, 2024 order of dismissal, which the First Circuit dismissed as untimely.  *Id.*, Dkt. 45; First Circuit No. 24-1828.

On April 2, 2025, Jane returned to the District Court to file a motion for relief from Judge Young's March 13, 2024 order requiring her to file an amended complaint in her own name or the case would be dismissed.  C.A. No. 1:23-cv-11935, Dkt. 47.  In the same motion, Doe sought leave to intervene in Jane's case.  *Id*.

On April 10, 2025, Judge Young summarily denied Jane's motion because it stated no basis for relief and denied Doe's motion because "there [wa]s no live case into which he may intervene."  *Id.*, Dkt. 49.

On May 12, 2025, Jane and Doe appealed from Judge Young's order of April 10, 2025. Dkt. 51.  The appeal remains pending before the First Circuit.  First Circuit No. 25-1465.

3

On April 14, 2025, Jane filed a new lawsuit against MIT and Roe, which is essentially identical to her earlier case before Judge Young – this time using the pseudonym "Jane Smith." *Jane Smith v. John Roe and Massachusetts Inst. of Tech.*, C.A. No. 1:25-cv-10949. She now attempts to intervene in this case.

### ARGUMENT

As explained more fully below, the motion should be denied on both procedural and substantive grounds.

### I.     The Motion is Procedurally Improper.

The motion should be denied because it is procedurally improper in several respects. First, Local Rule 7.1(a)(2) provides that "[n]o motion shall be filed unless counsel certify that they have conferred and attempted in good faith to resolve or narrow the issue." The reference to "counsel" should be construed to apply with equal force to parties who are litigating pro se. Neither John Doe nor Jane Smith attempted to confer with MIT's counsel. Second, Local Rule 7.1(b)(1) requires that "[a] party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted." No such memorandum appears on the public docket. The motion states that a supporting memorandum was filed provisionally under seal, Dkt. 84, but MIT's counsel has confirmed with the Court that no such filing was made. Third, the motion itself states no basis for relief. It merely states the relief requested. The motion should be denied on these grounds alone.

### II.    John Doe's Motion is Without Merit.

Relief under Rule 60 is extraordinary in nature and should be granted sparingly. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). A party who seeks recourse under Rule 60 must persuade the trial court, at a bare minimum, that the motion is timely; that exceptional

4

circumstances exist, favoring extraordinary relief; that if the judgment is set aside, the party can mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to any opposing parties should the motion be granted. *Id.* at 19.

Doe's motion fails even to address these elements, much less demonstrate that he can satisfy them. Nor could he do so. The Court correctly ruled that there was no basis for Doe to proceed under a pseudonym and offered Doe the opportunity to amend his complaint, which he refused to do. The Court also already has heard and rejected Doe's argument that its ruling was improper. Doe effectively is asking the Court, for a second time, to reconsider its ruling, and is doing so while his appeal from the ruling is pending. The motion should be denied.

### III.    Jane Smith's Motion is Without Merit.

To intervene as of right in Doe's case, pursuant to Fed. R. Civ. P. 24(a), Jane must demonstrate that (i) her application must be timely; (ii) she has direct and substantial interest in the subject matter of John's case; (iii) the disposition of the action may as a practical matter impair or impede her ability to protect that interest; and (iv) her interest must be inadequately represented by existing parties. *See Caterino v. Barry*, 922 F.2d 37, 39-40 (1st Cir. 1990) (*citing Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989); see also *President & Fellows of Harvard Coll. v. United States Dep't of Homeland Sec.*, No. 25-CV-11472-ADB, 2025 WL 1869319, at *1 (D. Mass. July 7, 2025). The failure to satisfy any one of these elements precludes intervention as of right. *See Travelers Indemnity Co.*, 884 F.2d at 637.

Under Rule 24(b), a court may allow permissive intervention if (1) the application is timely and (2) the applicant's claims share a common question of law or fact with the main action. Permissive intervention is 'wholly discretionary' and a court should consider whether intervention will prejudice the existing parties or delay the action. *Glass Dimensions, Inc. ex rel.*

5

*Glass Dimensions, Inc. Profit Sharing Plan & Tr. V. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 14 (D. Mass. 2013).

Jane's motion fails even to address these elements, much less demonstrate that she can meet them. Nor could she do so.

The application is untimely. John Doe filed this lawsuit in June 2023 – more than two years ago. Throughout that time, Jane has been litigating her own claims against MIT and has been fully aware of Doe's claims. If she had any good reason to intervene in Doe's case, which she does not, she should have brought this application long ago.

Jane has no direct and substantial interest in Doe's case. His retaliation claims are separate and distinct from Jane's claims against MIT and John Roe, and the resolution of Doe's claims will have no impact on hers.

In addition, allowing Jane to intervene in this case can only result in complication and delay. It also will unfairly prejudice MIT by requiring MIT to defend against Jane's claims in both this case and her own litigation against MIT and Roe.

For all these reasons, Jane has no basis to intervene as of right and the Court should exercise its discretion to deny permissive intervention.

## CONCLUSION

The motion should be denied.

<table>
<tr><td></td><td>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>/s/ Daryl J. Lapp<br>Daryl J. Lapp, BBO #554980<br>Nathalie Vega Crespo, BBO #712480<br>TROUTMAN PEPPER LOCKE LLP<br>111 Huntington Avenue, 9th Floor<br>Boston, Massachusetts 02199<br>617-230-0100<br>daryl.lapp@troutman.com<br>nathalie.vega@troutman.com</td></tr>
<tr><td>August 4, 2025</td><td></td></tr>
</table>

## Certificate of Service

I certify that on August 4, 2025, I caused a copy of this document to be served upon the plaintiff and Jane Smith by first-class mail.

/s/ Daryl J. Lapp
Daryl J. Lapp

145704800v3