IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2026 APR -9 P 12: 36

U.S.           COURT
DISTRICT      MASS.

| | |
|---|---|
| John Doe (a pseudonym),<br>    Plaintiff,<br><br>v.<br><br>Massachusetts Institute of Technology,<br>    Defendant | Civil Action No. 1:23-cv-11490-PBS<br><br>Motion for Partial Reconsideration or,<br>in the Alternative, Motion to Unseal |

## Motion

Volokh asks this court to grant him and the public full access to ECF Dkt. Nos. 2, 46, 47, 54, 61, 66, and 69, without any restrictions on dissemination. He therefore asks this Court to reconsider its March 25, 2026 order providing for limited access, or, in the alternative, to treat this as a motion to unseal and to fully unseal those documents.

Defendant does not oppose this motion. Movant attempted to reach Doe by e-mail to meet and confer with him, but got no response.

## Memorandum

### I.    Volokh is entitled to unrestricted access to ECF Nos. 46, 47, 54, 61, 66, and 69, including the ability to further disseminate them

On March 25, 2026, this Court partly granted Eugene Volokh's motion to unseal, stating that he "shall be permitted to intervene and have limited access only to the sealed filings at ECF Dkt. Nos. 46, 47, 54, 61, 66, and 69." On April 2, this Court's Courtroom Clerk clarified that "Judge Cabell indicates that these documents remain sealed and thus must be treated accordingly and appropriately by all parties and are

1

not to be disseminated." E-mail from Noreen A. Russo to Eugene Volokh, Apr. 2, 2026, 10:35 am.

Volokh, however, wants to be able to write about these documents; to do so, he needs to be able to disseminate them, so that readers can verify for themselves his characterization of the documents. When he writes about court filings on his blog, he therefore generally links to the underlying documents. *See, e.g.*, Eugene Volokh, *Sealing and Malawi*, Volokh Conspiracy (Reason), Sept. 19, 2025, 11:51 am, https://reason.com/volokh/2025/09/19/sealing-and-malawi/. When he writes about them in law review articles, he generally cites the filings, *see, e.g.,* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1371 n.77, 1374 n.95, 1409 n.276; readers then expect the cited documents to be available either through court records, or on reader demand from the author.

Moreover, both he and the public are entitled to full access to those documents, for the reasons described in Volokh's initial motion to unseal (ECF No. 80). The right of access, after all, is "the right of *public access* to judicial proceedings and documents," *Doe v. MIT*, 46 F.4th 61, 67 (1st Cir. 2022), not just a right of one writer.

And those initial arguments are also supported by a recent Second Circuit precedent, which was decided after Volokh's initial motion was filed. That case, *Giuffre v. Maxwell*, 146 F.4th 165 (2d Cir. 2025), held that filings related to whether certain documents should be sealed "qualify as judicial documents because they were submitted to influence the district court's rulings as to whether *other* judicial documents

. . . should be maintained under seal." *Id.* at 181 (cleaned up). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

To be sure, "where filings urging the court to seal or unseal pertain to documents that themselves play only a 'negligible role' in a court's performance of its Article III duties, those documents are accorded only a low presumption of public access— 'little more than a prediction'—and the related filings to seal or unseal no more so." *Id.* But here the filings are related to pseudonymity, which essentially constitutes the redaction of the party's name in *all* court filings, from the Complaint onwards.

"Lacking knowledge of the parties' names, the public could learn virtually nothing about a case outside the facts and arguments in the record. " *Doe v. MIT*, 46 F.4th 61, 68 (1st Cir. 2022). "Secrecy breeds suspicion. . . . Distrust is toxic to the judiciary's authority . . . ." *Id.* at 69. To be sure, despite that, pseudonymity is sometimes allowed—but whether granted or denied, motions related to pseudonymity play an important role, not a "negligible" one, in the Court's Article III duties. *Giuffre v. Maxwell* therefore strongly supports full unsealing of the documents that Volokh seeks to access, without restrictions on further dissemination.

*United States v. Business of Custer Battlefield Museum & Store*, 658 F.3d 1188 (9th Cir. 2011), is helpfully analogous. There, the District Court granted an applicant access to certain court filings (in that case, warrant applications), but provided that the applicant could not "post the warrant applications on any websites." *Id.* at 1195. This, the Ninth Circuit held, did "not conform to the standards" applicable under the

3

common-law right of access to court records, because it was not backed by "a 'compelling reason' for these limitations." *Id.* at 1195 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

"The district court properly recognized that right [of access to warrant materials] here, but the court erred by granting Kortlander only *restricted* access to the warrant materials without articulating a compelling reason for its ruling or making specific factual findings." *Id.* at 1196. The same applies to this case.

Indeed, a rule that "requires anyone who obtains access to records with the court's permission to seek further court permission before disclosing them to anyone else" "would also impose a prior restraint on the media." *Hartford Courant Co., LLC v. Carroll*, 474 F. Supp. 3d 483, 504 n.17 (D. Conn. 2020). Volokh is entitled to be free of such a restraint.

## II. Volokh is entitled to unrestricted access to ECF No. 2, which was not mentioned in this Court's April 25 order

Volokh also continues to seek access to the motion and accompanying documents that led to the original grant of pseudonymity, ECF No. 2. This Court's March 25, 2026 order does not indicate why this Court denied access to ECF No. 2, while granting limited access to ECF Nos. 46, 47, 54, 61, 66, and 69.

It is therefore difficult for Volokh to provide further arguments in support of the unsealing of ECF No. 2, beyond what he offered in his initial motion, ECF No. 80. But if this Court were to indicate the reasons why it treated ECF No. 2 differently from the other documents, Volokh would gladly file a renewed motion that would supplement the arguments he offered in his initial motion.

4

## Conclusion

Because Volokh is entitled to intervene to enforce his right of public access to court records, this Court should grant his Rule 24(b) motion. And because Plaintiff has not overcome the strong presumption that Volokh is entitled to access the records he seeks, Volokh's motion to unseal should also be granted, subject to such reasonable redactions of the records as this Court deems necessary.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, pro se
Senior Fellow, Hoover Institution
434 Galvez Mall
Stanford, CA 94305
volokh@stanford.edu
(650) 725-9845

April 7, 2026

## Certificate of Service

I certify that on April 7, 2026, I sent copies of this motion by U.S. mail to the court, and by e-mail to:

John Doe, john@joinaspire.org, Plaintiff
Daryl J. Lapp, Daryl.Lapp@troutman.com, Attorney for Defendant
Nathalie Orlandini, Nathalie.Orlandini@troutman.com, Attorneys for Defendant

s/ Eugene Volokh

5