**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:23-cv-11490 |
| MASSACHUSETTS INSTITUTE OF | ) | |
| TECHNOLOGY, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**(PERFECTED PUBLIC SUBSTITUTE)**

Plaintiff John Doe respectfully moves, under Federal Rule of Civil Procedure 65(b) and the Court's inherent authority, for a narrow temporary restraining order maintaining under seal the amended complaint recently hand-delivered to the Clerk and temporarily restraining Defendant, Intervenor, and their agents from disseminating linked information that would identify nonparties whose privacy interests are reflected in Exhibits A through C, on the ground that such disclosure would cause irreparable harm to vulnerable nonparties who have not yet had an opportunity to be heard. The relief sought is brief, a matter of days. Doe is informed that certain of those nonparties intend to file motions seeking their own relief, and he respectfully requests that this motion, whose sole purpose is to prevent irreversible disclosure harm in the meantime, be deemed withdrawn at that time.

**A. Relationship to the April 14 Ex Parte Filings**

Plaintiff John Doe respectfully submits this perfected Temporary Restraining Order motion as a public, noticed substitute for the ex parte TRO motion he hand-delivered to the Clerk on April 14, 2026. At the same time, Doe hand-delivered an amended complaint stating his true name in the

caption, also marked "ex parte." He requested one additional business day to prepare public-filing versions that would carefully limit disclosure of third-party identifying information and correct errors made under severe time pressure as a pro se filer. He also gave notice to opposing counsel and Intervenor Eugene Volokh. This perfected motion is now served on the parties, and the perfected amended complaint will follow immediately. The perfected filings are intended to supersede and replace the April 14 ex parte versions in their entirety.

## B. Introduction

Doe has complied. On April 14, 2026, he hand-delivered to the Clerk an amended complaint stating his true name in the caption. Doe does not ask the Court to revisit whether he may proceed under a pseudonym; he understands the operative order to require that this case proceed in his own name or not at all.

The docket reflects the Court's direction that Plaintiff "submit an Amended Complaint with his real name by cob Monday" and that "the law suit will be dismissed if John Doe doesn't use his real name." Dkt. 100 (Electronic Clerk's Notes for April 9, 2026 Status Conference). Doe's understanding of that direction, based on the Court's guidance at the preceding status hearing, was that a notice of his definitive intention to comply with the real-name requirement, filed by close of business Monday, would itself constitute compliance with the Monday deadline. The transcript of that hearing is not yet available, but Doe respectfully represents that his mode of compliance was chosen to match what the Court indicated on the record. Consistent with that understanding, Doe filed a Notice of Intent to File Amended Complaint on April 13, 2026, communicating his definitive intention to proceed in his own name. Dkt. 102. On April 14, 2026, he hand-delivered an amended complaint stating his true name in the caption, together with an ex parte TRO motion, and requested one additional business day to prepare public-filing substitute versions of the same and correct errors. Ex Parte TRO Motion ¶¶ 1–5, 29–30; Doe Decl. ¶¶ 6–7, 30–33.

This motion does not seek pseudonymity for Doe. He has already submitted his true name

to the Court. He seeks only a short protective bridge so the Court can decide whether nonparties with distinct privacy interests should be heard before identifying information about them becomes publicly disseminable. Many of those nonparties are described in Exhibits A through C.

## C. Legal Standard and Procedural Posture

A temporary restraining order is governed by the familiar four-factor test: likelihood of success on the merits, likelihood of irreparable harm absent relief, the balance of equities, and the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). Rule 65(b) authorizes an ex parte TRO where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result" before the adverse party can be heard, provided the movant's attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). Rule 26(c) separately authorizes protective orders governing materials filed with this Court. Fed. R. Civ. P. 26(c); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987).

**Compliance with ex parte requirements.** The April 14, 2026 ex parte TRO motion included the written materials Doe understood to be required of a pro se filer presenting urgent relief ex parte, including a certification addressing notice under Rule 65(b)(1)(B) and the reasons the feared harm could not await noticed briefing. Doe made every effort to follow the governing rules and to give the Court and opposing parties the fullest information he could compile under severe time pressure. He has since provided actual notice to MIT's counsel of record and to Intervenor Eugene Volokh. This perfected, public motion is served on all parties; it is not ex parte and is intended to supersede the April 14 ex parte filings so that the record of this TRO motion going forward is fully public and fully noticed. To the extent any procedural requirement of Rule 65(b) or this Court's Local Rules was imperfectly satisfied by the April 14 submission, Doe respectfully

asks that it be deemed addressed by the present noticed substitute, without prejudice to the Court's consideration of the underlying request.

## D. Basis for Temporary Relief

The immediate concern is direct: identifying Doe will identify the MIT laboratory where he worked. That laboratory is not presently identifiable on the federal docket. Once it is identified, associated students, witnesses, and other nonparties will almost certainly become identifiable through public sources, and their identities disseminated. That concern is consistent with guidance from the National Academies' Action Collaborative on Preventing Sexual Harassment in Higher Education, which recognizes that in small campus settings "a combination of basic demographic questions may lead to the identification of a participant."[1] That outcome is not speculative: a member of the press has already intervened in this case. Doe raised the linkage concern earlier in this case, arguing that proceeding in his own name would "improperly reveal the identities of students or other third parties," Dkt. 47 at 5, and that information in this case and related proceedings could "effectively identify dozens of students and reveal highly sensitive information related to harassment and assault complaints," Dkt. 54 at 5.

Doe has identified 54 individuals with privacy interests reflected across the record of this case and closely connected proceedings. Exhibits A, B, and C collect the proceedings, the individuals, and the privacy grounds. Those exhibits are incomplete, but they are sufficient to show concrete, individualized interests not limited to Doe himself. *See* Exs. A–C; Dkt. 66 at 2. Those interests have never been adjudicated on their merits by any judge in any proceeding. To the best of Doe's understanding, virtually no student entitled to notice prior to disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, has ever been provided it in

---

[1] Nat'l Acads. of Scis., Eng'g & Med., *Approaches to the Evaluation of Sexual Harassment Prevention and Response Efforts* 7 (2023); *see also* Nat'l Acads. of Scis., Eng'g & Med., *Guidance for Measuring Sexual Harassment Prevalence Using Campus Climate Surveys: Issue Paper* (2021) (noting that "demographic data can be collapsed to further protect the identity of participants in smaller institutions"). Doe respectfully submits that these publications of the National Academies, a body chartered by Congress, *see* 36 U.S.C. § 150303, are proper subjects of judicial notice under Fed. R. Evid. 201(b)(2) as sources whose accuracy cannot reasonably be questioned.

this case. <u>The individuals reflected in Exhibits A through C stand to learn for the first time that their</u> <u>intimate information has been publicly disclosed when they see it reported in the news.</u>

The First Circuit has recognized that harm to innocent nonparties is a paradigmatic ground supporting protection of identifying information. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Once identifying information is publicly disseminated, it cannot be retrieved; the harm is, by its nature, irreparable. *Cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). The First Amendment interests implicated here, including anonymous civic participation and whistleblower identity, are set out in Exhibit C § A; *see also* Ex. C § J (First Amendment procedural requirements).

MIT's failure to maintain confidentiality of participants in its educational programs, including in connection with complaints of discrimination, is itself a pleaded theory of deliberate indifference under Title IX in this case. Plaintiff alleges that MIT maintains "grievance procedures that are not compliant with Title IX whenever employees also file complaints with administrative agencies, including failure to comply with the prompt and equitable resolution of employee complaints and the maintenance of confidentiality in those instances," as evidenced "inter alia, [by] MIT's conduct in connection with administrative complaints against Plaintiff's Supervisor and others." FAC ¶ 6(f); *see also* FAC ¶¶ 6(l), 38(f), 38(l); Dkt. 19. A substantial portion of the individuals reflected in Exhibits A through C appear in administrative-agency proceedings of precisely the type to which that pleaded allegation speaks. At the present stage of the proceedings, well-pleaded allegations are ordinarily taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Considering the prospect of privacy violations, the Court may also take judicial notice of its own docket, Fed. R. Evid. 201(b)(2), and in particular that, of the 54 nonparties identified in Exhibits A through C, not one has sought to be heard other than Jane Smith.

Separately, FERPA requires that, before a federally funded educational institution discloses personally identifiable information from a student's education records, "the parent or eligible stu-

dent shall provide a signed and dated written consent." 34 C.F.R. § 99.30(a); *see* 20 U.S.C. § 1232g(b)(1)–(2). The consent "must: (1) Specify the records that may be disclosed; (2) State the purpose of the disclosure; and (3) Identify the party or class of parties to whom the disclosure may be made." 34 C.F.R. § 99.30(b). Where disclosure is instead made to comply with a judicial order or lawfully issued subpoena, the institution may disclose only if it "makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action." 34 C.F.R. § 99.31(a)(9)(i)–(ii). The Court may take judicial notice, Fed. R. Evid. 201(b)(2), that no such consent or advance-notice record has been presented to it for any of the 54 nonparties reflected in Exhibits A through C. Any burden on MIT from a short protective bridge is therefore modest: if MIT has complied with FERPA as to those students, it can readily produce the signed, dated consents specified by § 99.30 or the advance-notice records required by § 99.31(a)(9)(ii); if it cannot, that is itself a reason for this Court to pause public identification of those students until affected persons have an opportunity to be heard.

The requested relief is narrow. It does not seek to halt the case or revisit the Court's direction that Doe proceed in his own name. It seeks only a short pause in public disclosure while the Court determines whether the information in Exhibits A through C entitles any person besides Doe to any protections or procedures. That short pause will not prejudice any party. MIT already knows Doe's identity and the underlying allegations. Intervenor Volokh's existing access under Dkt. 94 is not disturbed. The requested relief concerns only forward dissemination of newly filed information that would identify nonparties while the Court determines whether affected persons should seek relief directly. *See* Dkt. 94; Doe Decl. ¶¶ 12–17; Ex Parte TRO Motion ¶¶ 10–11.

If the Court does not grant this TRO, Doe respectfully requests that the Court nonetheless find him in compliance, because he has submitted an amended complaint stating his true name in the caption. He further requests that the Court accept the perfected substitute amended complaint as the operative version once tendered.

6

## E. Requested Relief

**WHEREFORE**, for the foregoing reasons, Doe respectfully requests that the Court grant the following narrow, privacy-related temporary relief:

1. Temporarily maintain under seal Plaintiff's amended complaint (filed with his true name in the caption) hand-delivered on April 14, 2026, as substituted by the perfected version, only so long as necessary for the Court to determine whether public disclosure identifying the specific MIT laboratory would cause irreversible disclosure harm involving intimate information of vulnerable nonparties such that affected persons should be heard first; and

2. Temporarily restrain Defendant Massachusetts Institute of Technology, Intervenor Eugene Volokh, and their agents from disseminating, directly or indirectly, linked information that would identify persons or entities named in Plaintiff's amended complaint (filed with his true name in the caption) or Exhibits A–C who are not presently identifiable on the federal docket, in order to preserve the status quo and prevent irreversible disclosure harm involving intimate information of vulnerable nonparties while the Court determines whether affected persons should seek privacy-related relief directly.

Doe is informed that Jane Smith and others may seek relief of their own. He respectfully requests that this motion be treated as withdrawn once another affected person directly seeks privacy protection addressing the same concerns.

Dated: April 15, 2026                                  Respectfully submitted,

                                                       /s/ John Doe
                                                       John Doe, Pro Se Plaintiff
                                                       6 Liberty Sq Suite 94450
                                                       Boston, MA 02109
                                                       john@joinaspire.org
                                                       (617) 798-0945

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, the foregoing Plaintiff's Motion for Temporary Restraining Order (Perfected Public Substitute), together with Exhibits A, B, and C hereto, was served by hand-delivery to the Clerk of the United States District Court for the District of Massachusetts, which will trigger automated electronic notice via the Court's CM/ECF system to all counsel of record and registered filers, including:

Daryl J. Lapp, Esq.
Nathalie Vega, Esq.
Troutman Pepper Locke
*Counsel for Defendant Massachusetts Institute of Technology*

Eugene Volokh
*Intervenor*

/s/ John Doe

John Doe, Pro Se Plaintiff
6 Liberty Sq Suite 94450
Boston, MA 02109
john@joinaspire.org
(617) 798-0945

8