IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Doe (a pseudonym), Plaintiff, | Civil Action No. 1:23-cv-11490-PBS |
| v. | Opposition to Motion for TRO (ECF No. 103) |
| Massachusetts Institute of Technology, Defendant | |

**Opposition to Motion for TRO**

Plaintiff filed an unsealed document in this case, ECF No. 103-1 (Exhs. A-C to the Motion for TRO). At the same time, Plaintiff moved for a TRO temporarily barring Intervenor Eugene Volokh "from disseminating, directly or indirectly, linked information that would identify persons or entities named in Plaintiff's amended complaint (filed with his true name in the caption) or Exhibits A-C who are not presently identifiable on the federal docket." ECF No. 103, at 7.

Yet nothing in Plaintiff's TRO motion provides any legal basis for restricting Volokh's speech this way. Plaintiff does not, for instance, show how there is any likelihood of success of the merits of Plaintiff's claims in support of the proposed dissemination restriction. *See* ECF No. 103.

And indeed any such restriction would be a prior restraint that would violate the First Amendment. Volokh has a right to disseminate information that he "lawfully obtained," especially when it came from government-provided documents. *Florida Star v. B.J.F.*, 491 U.S. 524, 533-35 (1989). As stated by the court in *Doe v. Friendfinder Networks, Inc.*, 741 F. Supp. 3d 626 (W.D. Tex. 2024), in reversing a Magistrate

1

Judge's order restricting Volokh from distributing information he had acquired from publicly available filings,

> According to Volokh, "publishers like Volokh have a First Amendment right to editorial freedom in deciding whether to publish even highly private information . . ., so long as they acquired the information from documents that the government had made available." Accordingly, Volokh contends that the language instructing him that he may not publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse "is an unconstitutional prior restraint." Volokh is correct.
>
> As Volokh argues, where the government has in error placed confidential information into the public domain, punishment for the republication of that information already in the public domain violates the First Amendment. *See The Fla. Star v. B.J.F.*, 491 U.S. 524, 538 (1989). Of course, courts do have the authority to issue protective orders restricting speech. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). But generally, such orders are constitutional only where they do not restrict the dissemination of information gained from sources outside of the litigation in which the protective order is sought. *Id.*

*Id.* at 629 (some citations omittedup). (By "sources outside of the litigation in which the protective order is sought," the *Friendfinder Networks* court was referring to sources other than the legally mandated discovery involved in *Seattle Times*; the court concluded that disseminating information from documents publicly released by the court during the litigation was indeed protected by the First Amendment.)

The same applies here. Volokh has a First Amendment right to publicly disclose any information that had been disclosed by this Court in its docket. That applies as much as to information that the government has disclosed not "in error," but precisely because Plaintiff placed the information—not under seal—in the docket.

And it applies to temporary restrictions as well as permanent ones. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably consti-tutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). When "First

Amendment protected speech [is] being restrained, every additional day on which the [restrained person may] not speak [is] additional irreparable harm." *In re Perry*, 859 F.2d 1043, 1047 (1st Cir. 1988) (also citing *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers) ("Where, however, a direct prior restraint is imposed upon the reporting of news by the media, each passing day may constitute a separate and cognizable infringement of the First Amendment.")).

The TRO that Plaintiff seeks would thus unconstitutionally restrict Volokh's rights to disseminate information from publicly available court records; this Court should therefore decline to issue such a TRO.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, pro se
Senior Fellow, Hoover Institution
434 Galvez Mall
Stanford, CA 94305
volokh@stanford.edu
(650) 725-9845

April 16, 2026

## Certificate of Service

I certify that on April 16, 2026, I sent copies of this motion by e-mail to:

John Doe, john@joinaspire.org, Plaintiff
Daryl J. Lapp, Daryl.Lapp@troutman.com, Attorney for Defendant
Nathalie Orlandini, Nathalie.Orlandini@troutman.com, Attorney for Defendant

s/ Eugene Volokh

3