**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2026 MAY 11 PM 4: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN DOE[1],

     Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

     Defendant.

Civil Action No.: 1:23-cv-11490

## PLAINTIFF'S EMERGENCY MOTION TO TEMPORARILY REDACT DOCKET ENTRY DISCLOSING PLAINTIFF'S NAME

Plaintiff respectfully moves on an emergency basis for temporary redaction of the single sentence in Docket No. 111 identifying Plaintiff by his true name, pending resolution of Plaintiff's Motion for Temporary Restraining Order, Dkt. 103, or, alternatively, until expiration of the May 13, 2026 election deadline set by the Court at the May 8, 2026 status conference.

Plaintiff seeks only temporary preservation of the status quo while the Court resolves the pending TRO motion and while Plaintiff determines whether to continue pressing that motion and proceeding further in the case.

### 1. Relevant Procedural Background

On April 14, 2026, Plaintiff provided his true name to the Court in the amended complaint submitted pursuant to the Court's instructions reflected in Dkt. 100. Plaintiff again identified himself orally at the May 8, 2026 status conference. Dkt. 111.

At that conference, the Court stated on the record that it "will adjudicate the motions" and allowed Plaintiff until close of business on May 13, 2026 to determine whether he wished to continue pressing the TRO motion and proceeding with the case. Dkt. 111.

---

[1]As captioned in PACER system on today's date.

After the Clerk's Office had closed for the day, the Electronic Clerk's Notes at Dkt. 111 were entered publicly and included a sentence identifying Plaintiff by name.

Plaintiff promptly contacted the Clerk's emergency line and left voicemail requesting temporary redaction of the disclosure. Because Plaintiff is presently a paper-only filer, he could not electronically file this motion over the weekend.

## 2. Narrow Relief Requested

Plaintiff requests only temporary redaction of the single sentence in Dkt. 111 identifying him by name, while preserving the remainder of the docket entry unchanged.

The First Circuit has expressly recognized this procedure as appropriate where a litigant's identity is disclosed on the docket while anonymity-related issues remain pending. See Doe v. Town of Lisbon, 78 F.4th 38, 43, 45–46 (1st Cir. 2023) (approving redaction of identifying docket material while maintaining unredacted records under seal).

Plaintiff does not request alteration of the caption, sealing of the case generally, or removal of any substantive portion of the Clerk's Notes beyond the identifying sentence.

## 3. Immediate Relief Is Necessary

Once identifying information appears on the public docket, the disclosure cannot realistically be undone. See Doe v. Mass. Inst. of Tech., 46 F.4th 61, 69 (1st Cir. 2022).

If the identifying sentence in Dkt. 111 remains public during the pendency of Dkt. 103 and before expiration of the Court's May 13 election deadline, the relief sought in the TRO motion becomes effectively moot before the Court resolves it.

Nothing in the May 8 proceedings suggested that the Court intended immediately to terminate consideration of the pending TRO motion or accelerate public disclosure before Plaintiff's May 13 election deadline. The disclosure therefore appears administrative rather than adjudicative in nature.

**4. The Burden of Temporary Redaction Is Minimal**

The requested relief is administratively narrow. The case caption would remain unchanged. The substance of Dkt. 111 would remain publicly accessible, including:

a.      that the Court intends to adjudicate the pending motions;

b.      that Plaintiff has until May 13, 2026 to determine whether to proceed;

c.      that the case will move forward if Plaintiff elects to continue; and

d.      that Plaintiff must serve future filings.

Only the single identifying sentence would be temporarily redacted, with an unredacted version maintained under seal.

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

a.      Direct the Clerk temporarily to redact from Dkt. 111 the sentence identifying Plaintiff by his true name, while maintaining an unredacted version under seal, pending resolution of Dkt. 103 or, alternatively, until close of business on May 13, 2026;

b.      Alternatively, temporarily seal Dkt. 111 in its entirety on the same terms; and

c.      Direct the Clerk to docket or otherwise preserve Plaintiff's weekend communications to the Clerk's emergency line requesting prompt corrective action.

Dated: May 11, 2026

Respectfully submitted,

/s/ Plaintiff
Plaintiff, Pro Se
Plaintiff in Civil Action No. 1:23-cv-11490
6 Liberty Sq Suite 94450
Boston, MA 02109
john@joinaspire.org
(617) 798-0945

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2026, the foregoing was served by hand-delivery to the Clerk of the United States District Court for the District of Massachusetts, which will generate electronic notice through the Court's CM/ECF system to all counsel of record and registered filers, including counsel for Defendant and Intervenor.

/s/ Plaintiff
Plaintiff, Pro Se