UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIAN JARBOE,

                 Plaintiff

        v.                                                    Civil Action No.: 1:23-cv-11490

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                 Defendant

**MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY
WITH THE COURT'S ORDERS**

Defendant Massachusetts Institute of Technology moves to dismiss the Complaint with prejudice based upon the Plaintiff's repeated, willful refusal to comply with the Court's orders.

At the Status Conference on May 8, 2026, the Court made several points abundantly clear:

1.      Plaintiff's desire to proceed under a pseudonym has been resolved and the Court will hear no further argument about it.  If the case is to go forward, Plaintiff must proceed in his own name, which the docket and case caption will reflect.  Plaintiff acknowledged his understanding and stated his name in open court.

2.      Plaintiff had to decide if he wants to proceed with his proposed Second Amended Complaint.  If he does, the proposed Second Amended Complaint will be treated as a motion for leave to amend the complaint, to which MIT can respond, and will be placed on the public docket.

3.      Plaintiff had to decide if he wants to press his motion for Temporary Restraining Order, which has been fully briefed.

4.      The Court will not entertain arguments about the purported confidentiality interests of non-parties.  These individuals are not parties to this case.  The connection, if any,

1

between their interests and Plaintiff's claims is too attenuated.  And the only reason their interests are implicated by this case is because Plaintiff himself has chosen to bring them into it.

The Court gave Plaintiff until the close of business on May 13, 2026, to decide – and inform the Court – whether he wished to (1) seek leave to file the proposed Second Amended Complaint and (2) continue pressing the Motion for a Temporary Restraining Order.  The deadline was for Plaintiff to inform the Court of his decisions – not a deadline for Plaintiff merely to "consider" the issues.

The docket entry summarizing the Status Conference properly included Plaintiff's true name.  Plaintiff filed an emergency motion to redact his name from the docket entry, which the Court denied.  Dkt. 112.

Plaintiff did not meet the deadline to state his intentions by the close of business on May 13, 2026.  He sent an email to the Clerk, which defies the Court's directives in several respects.

1.      Plaintiff sent the email at 6:01 pm, after the close of business.

2.      Plaintiff defied the Court by refusing simply to answer the question whether he intends to press the motion for a Temporary Restraining Order.  He says he "cannot do that responsibly without a transcript and counsel," but "[i]f the Court requires an answer today, [he] would *not withdraw* the TRO" (emphasis added).  First, "not withdrawing" the motion is not the same thing as an affirmative decision whether to pursue it.  Second, Plaintiff does not need a transcript of the Status Conference to make his decision; nor is there any indication that he ordered a transcript.  Third, Plaintiff has had ample time in which to retain counsel; this case has been pending for nearly three years, since June 30, 2023.

3.      Plaintiff further defied the Court by refusing simply to answer the question whether he intends to pursue the proposed Second Amended Complaint.  Plaintiff says it "was

2

not practically possible" for him to decide because he needed additional time in which to address confidentiality issues of himself and nonparties, "draft proper claims and allegations," and "coordinate with counsel or other plaintiffs."  Plaintiff has had more than ample time in which to address any confidentiality concerns; the concerns of nonparties are not at issue, as the Court made clear at the Status Conference; and there are no "other plaintiffs" with whom Plaintiff needs to "coordinate."  Nor is this the time for Plaintiff to engage in "draft[ing] proper claims and allegations."  That time has long since passed.

Plaintiff's email submission further illuminates what long has been apparent:  He will not comply with the Court's orders.  He will not accept that he must proceed in this case in his own name.  And he will not accept that the supposed confidentiality interests of nonparties are no basis for delaying or otherwise impeding the proceedings in this case.

Plaintiff's incessant procedural maneuvering has real costs.  It wastes judicial resources and unfairly burdens MIT, which has incurred significant legal costs in this unnecessarily protracted litigation.

### Conclusion

The Court should dismiss the case, with prejudice.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO #554980
Nathalie V. Orlandini, BBO #712480
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617.239.0100
daryl.lapp@troutman.com
nathalie.orlandini@troutman.com

May 18, 2026

**Certificate of Service**

     I certify that on May 18, 2026, I caused a copy of this document to be served upon the plaintiff by e-mail at the address he uses with MIT's counsel:  john@joinaspire.org.

/s/ *Daryl J. Lapp*
Daryl J. Lapp

4

251464512v1