UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2026 MAY 15  PM 4:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

JOHN DOE,

Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

Defendant.

Civil Action No. 1:23-cv-11490

---

## PLAINTIFF'S NOTICE REGARDING MAY 13 EMAIL RESPONSE AND NEED FOR COUNSEL BEFORE FURTHER FILINGS

Plaintiff, proceeding pro se, respectfully files this notice regarding his response to the Court's May 8, 2026 directive and his present inability to file further substantive materials responsibly without legal advice.

After the May 8 status conference, the Court entered Electronic Clerk's Notes at D. 111. The entry states that the Court allowed Plaintiff until close of business on May 13, 2026 to consider whether he wished to continue pressing the TRO motion, whether he wanted the proposed Second Amended Complaint filed publicly, and whether he wanted to continue with the suit.

Plaintiff considered those questions and, by close of business on May 13, emailed counsel for the parties and the Clerk's Office. Plaintiff is a paper-only filer and cannot e-file. He sent the email to comply with the Court's timing directive and intended to follow with a formal paper filing and any attachments by hand delivery. A copy of that email, with Plaintiff's contact information and real name redacted, should be attached as Exhibit A.

1

In the email, Plaintiff stated that he intended to file something formally and that he was trying to organize written submissions from two individuals who attended the May 8 status conference in person.

After sending that email, Plaintiff reviewed docket entries and orders concerning the public disclosure of his name. D. 113 was Plaintiff's emergency motion to temporarily redact the docket entry disclosing Plaintiff's name. D. 114 states that D. 113 was denied as moot. D. 112 states that Plaintiff "agreed unequivocally" at the May 8 hearing that he would use his real name going forward, and that the issue whether the case would proceed using Plaintiff's name or the pseudonym "John Doe" had been "formally resolved."

Plaintiff does not file this notice to accuse anyone of bad faith or to ask the Clerk's Office to take action. He files it because D. 112 and D. 114 show a serious misunderstanding or difference in understanding about an important issue. Plaintiff did not understand himself to have consented to public docket disclosure of his name before the TRO was decided. The Court has expressed that Plaintiff unequivocally agreed to that same result.

That difference in understanding makes clear to Plaintiff that he urgently needs legal advice before taking further action or filing additional substantive materials in this case. Plaintiff intends to comply with all Court orders, understands himself to have complied with all Court orders to date, and intends to continue complying as required. He is notifying the Court why, despite the statement in his May 13 email that a formal filing would follow, he cannot responsibly file additional materials immediately without counsel.

Respectfully submitted,

/s/ John Doe
_____

John Doe, Plaintiff Pro Se
26 New Derby Street, #301
Salem, MA 01970
john.doe.cv11490@gmail.com

Dated: May 15, 2026

**CERTIFICATE OF SERVICE**

I, John Doe, hereby certify that on May 15, 2026, I caused a true and correct copy of the foregoing Plaintiff's Notice Regarding May 13 Email Response and Need for Counsel Before Further Filings to be served via email to counsel for Defendant and Intervenor Eugene Volokh, with docket filing expected to provide notice to registered CM/ECF filers upon:

Daryl J. Lapp, Esq.
Troutman Pepper Locke LLP
111 Huntington Avenue
Boston, MA 02199
daryl.lapp@troutman.com

Nathalie Vega Orlandini, Esq.
Troutman Pepper Locke LLP
2800 Financial Plaza
Providence, RI 02903
nathalie.orlandini@troutman.com

Eugene Volokh (Intervenor)
Pro Se

/s/ John Doe
_____

John Doe, Plaintiff Pro Se