UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2026 MAY 26  AM 10: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN DOE,

    Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

    Defendant.

Civil Action No. 1:23-cv-11490 PBS

## PLAINTIFF JOHN DOE'S RULE 72 OBJECTIONS TO MAY 8, 2026 ORAL ORDERS, PROPOSED INTERVENOR JANE SMITH'S MOTION FOR LIMITED INTERVENTION AND CONDITIONAL JOINDER, AND MOTION FOR LEAVE TO SUPPLEMENT

### Note Regarding Caption and Name Usage

Plaintiff and Proposed Intervenor Jane Smith use the present public-caption terminology only because the current docket posture makes that usage practically necessary to identify the orders challenged and to request relief from the disclosure and procedural handling being challenged. That use is not consent to, waiver of, or agreement with public disclosure of Plaintiff's identifying information when it occurred. Plaintiff and Proposed Intervenor respectfully maintain that disclosure occurred before orderly review, transcript review, counsel consultation, affected-person participation, and disposition through the proper procedure.

### I. Relief Sought

Plaintiff respectfully objects under Federal Rule of Civil Procedure 72 to the oral orders issued at or in connection with the May 8, 2026 status conference before the Honorable Magistrate Judge (Donald L. Cabell), and to D. 111 and D. 112 insofar as they implement or

1

reflect those oral orders. Plaintiff requests that the District Judge treat the challenged orders as requiring Report and Recommendation procedure and de novo review, or, in the alternative, set them aside or modify them as clearly erroneous or contrary to law.

Proposed Intervenor Jane Smith respectfully moves for limited intervention under Rule 24, individually and as appropriate on behalf of ASPIRE and affected persons, for the purpose of preserving and conditionally joining these objections. Her participation is requested to address any possible argument that Plaintiff lacks standing to assert nonparty interests, without waiving Plaintiff's own First Amendment associational rights, procedural rights, or interests in the temporary protective relief sought at D. 103.

Plaintiff and Proposed Intervenor also request leave to supplement after receipt and review of the May 8 transcript, after a reasonable opportunity to consult or retain counsel, and after any further record development necessary to state transcript-dependent objections accurately. This filing is made to meet the Rule 72 deadline and preserve rights. It does not object in substance to D. 114, the denial as moot of emergency redaction relief; objections to D. 114 are reserved for a separate filing on that order's own deadline.

## II. Summary of the Objection

These objections are primarily procedural. The issues are not limited to ultimate pseudonymity. They concern sealing, unsealing, linked information, First Amendment anonymity and association, FERPA-related linked-information concerns, nonparty privacy, temporary status-quo relief, and the right to orderly review before irreversible public disclosure.

2

The central timing issue is this: D. 103 sought temporary relief preserving the status quo while the Court considered whether Plaintiff's identifying information and linked information could be disclosed before affected nonparties had notice and an opportunity to be heard. The May 8 proceeding was docketed as a status conference, not as a TRO hearing. D. 111 recorded that the Court would adjudicate the motions and allowed Plaintiff until close of business May 13 to consider whether to continue pressing the TRO and related public-filing issues. D. 112 then treated the name issue as formally resolved and directed that D. 111 revert to including Plaintiff's true name.

There is a substantial argument that, in this posture, the challenged oral orders were dispositive of pending injunctive and protective relief and required Report and Recommendation procedure under 28 U.S.C. Section 636(b)(1)(B) and Rule 72(b). At minimum, an immediately effective disclosure order that precludes review and impairs or moots a pending TRO is contrary to law and clearly erroneous under Rule 72(a).

Plaintiff respectfully does not accuse any party or member of the judiciary of bad faith or intentional misconduct. The objection is procedural and preservative. Irreversible disclosure is not harmless when it prevents orderly review, transcript review, counsel consultation, nonparty participation, and any later record-based relief that might otherwise be available.

### III. Procedural Background

On April 15, 2026, Plaintiff filed a Motion for Temporary Restraining Order. D. 103. The motion sought "a narrow temporary restraining order maintaining under seal the amended complaint" and temporarily restraining dissemination of linked information identifying nonparties whose privacy interests were reflected in Exhibits A through C. D. 103 at 1. It

3

stated that it did not seek ultimate pseudonymity for Plaintiff, but rather a "short protective bridge" and a "short pause in public disclosure" so the Court could decide whether affected nonparties should be heard before identifying information became publicly disseminable. D. 103 at 2-3, 6-7.

The TRO did identify Plaintiff's name as linked information in the specific circumstances of this case. Plaintiff contends that, in a small university-lab setting, disclosure of Plaintiff's name reveals the lab and permits students, witnesses, and other nonparties to be identified through publicly available information. Keeping Plaintiff's name private during review was therefore essential to the temporary relief sought. Plaintiff cited FERPA's linked-information concept and the particular small-lab context, including NASEM-related material, in support of that concern. See D. 103; D. 103-1.

On May 8, 2026, the Court held a status conference. D. 109; D. 110; D. 111. D. 111 states that the case would move forward, that "the court will adjudicate the motions," and that Plaintiff would have until close of business May 13 to consider whether he wished to continue pressing the TRO and related filing issues. D. 111. On May 11, 2026, D. 112 stated that Plaintiff had "agreed unequivocally" to use his real name going forward and that the name issue had been "formally resolved." Plaintiff respectfully objects to that characterization and to any oral order having that effect.

By close of business May 13, Plaintiff stated by email, later docketed at D. 117-1, that he would not withdraw the TRO if an answer was required that day because he did not want to forfeit rights he did not understand. He also stated that he left the hearing believing the TRO remained pending and asked MIT not to take any step that would moot possible relief sought

4

in the pending motions. D. 117-1 at 2-3. Plaintiff later filed notice explaining that he urgently needed counsel before further substantive filings. D. 117 at 3.

## IV. Standard of Review

If the challenged orders are treated as nondispositive, the District Judge must modify or set aside any part that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. Section 636(b)(1)(A). If the orders are treated as dispositive of injunctive relief, protective sealing or unsealing relief, First Amendment anonymity or associational rights in this posture, nonparty procedural protections, or claim-dispositive issues, the District Judge must review de novo under Rule 72(b) and 28 U.S.C. Section 636(b)(1)(B).

Section 636(b)(1)(A) excludes motions for injunctive relief from matters a magistrate judge may determine without consent. Plaintiff has not consented to final magistrate-judge adjudication under 28 U.S.C. Section 636(c) or Rule 73. The practical effect of the order matters. Where an oral order produces irreversible disclosure before district-judge review, and thereby impairs or moots pending temporary relief, the order should not be treated as an ordinary nondispositive scheduling or case-management matter.

The First Circuit has held that orders denying pseudonymity are immediately appealable because disclosure cannot meaningfully be undone. *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 67 (1st Cir. 2022). Plaintiff cites that decision as binding First Circuit precedent for the propositions it decided and as persuasive reasoning for the related Rule 72 point: an order that causes irreversible public disclosure before review should be handled through a procedure that preserves meaningful review.

## V. Objections

First, the challenged orders were procedurally improper because they caused or permitted irreversible public disclosure at a status conference before the pending TRO had been adjudicated through orderly procedure. D. 103 sought temporary relief so the Court could consider nonparty linked-information issues before disclosure. D. 111 reflected continued motion adjudication and a May 13 decision period. Plaintiff had no reasonable notice that stating his name at a status conference would be treated as resolving the disclosure issue or mooting the status-quo protection sought in D. 103.

Second, no knowing and voluntary waiver should be inferred from Plaintiff's uncounseled statement of his name at a status conference. Waiver of constitutional, First Amendment, associational, privacy, sealing, and temporary-injunctive-relief arguments should not be found where the TRO expressly sought temporary protection, where Plaintiff was proceeding pro se, where the transcript was not yet available, and where Plaintiff promptly objected to disclosure and sought emergency redaction.

Third, First Amendment anonymity for associational purposes was squarely on the record when disclosure was ordered. Plaintiff's TRO materials raised anonymous civic participation, whistleblower identity, association, and linked-information harms. The written docket does not reflect consideration of those First Amendment issues before the disclosure became irreversible. At minimum, those issues warranted orderly review and findings sufficient to permit review before relief was foreclosed.

Fourth, the orders failed to account for affected nonparties. MIT has argued, and the Court has addressed, the possibility that Plaintiff may lack standing to assert nonparty rights.

Without waiving Plaintiff's own rights, Proposed Intervenor Jane Smith seeks limited intervention to address any such standing concern and to preserve the interests of affected persons. Plaintiff's TRO sought procedural relief for notice and opportunity to be heard, not a final merits adjudication of every nonparty's rights.

Fifth, any premise that affected persons could not be identified, had no protected interest, or had not sought to be heard is at least incomplete and transcript-dependent. Plaintiff contends that linked information in small university-lab settings can identify persons even when names are not printed in a filing. Plaintiff further understands that Jane Smith and at least one additional witness or potential party were physically present at the May 8 status conference and attempted to be heard. The transcript and any related records are needed to state those objections fully.

Sixth, Plaintiff preserves the argument that the challenged orders may be claim-dispositive in this procedural posture. The merits of this case include allegations that privacy violations and disclosure have been used as forms of retaliation, harassment, and intimidation. An order that permits or causes the same category of disclosure harm before discovery, hearing, or jury consideration risks resolving merits-related issues before they can be adjudicated through ordinary process.

## VI. Motion for Limited Intervention

Jane Smith respectfully seeks leave to intervene, individually and as appropriate on behalf of ASPIRE and affected persons, for the limited purposes of joining or conditionally asserting objections to the May 8 oral orders and related D. 111 and D. 112 implementation. The request is timely because the challenged disclosure and standing issues have only just

crystallized in this posture, including through MIT's later arguments that Plaintiff may not assert nonparty rights.

Ms. Smith's requested intervention is narrow. It is intended to address any possible standing defect, preserve affected-person participation, and support orderly review without delaying the merits of the case. If intervention is allowed, Ms. Smith joins Plaintiff's objections generally and seeks the same leave to supplement after transcript review and counsel consultation. If the Court prefers separate motion practice, Ms. Smith requests that this motion be treated as preserving her right to intervene or be heard through a sealed or otherwise protective process.

## VII. Leave to Supplement

Plaintiff has advised the Court that he cannot responsibly or effectively continue substantive filings without counsel. See D. 117 at 3; D. 117-1 at 2. Plaintiff and Proposed Intervenor are seeking counsel and need the May 8 transcript to identify precisely what was ordered, what was said about nonparty rights, and what opportunity to object or be heard was provided.

Plaintiff and Proposed Intervenor therefore request leave to supplement, modify, or correct these objections after receipt and review of the May 8 transcript, after a reasonable opportunity to consult or retain counsel, and after any additional docket activity bearing on D. 103, D. 111, D. 112, or D. 116. Any supplementation would be confined to the issues preserved here, including transcript-dependent facts, corrected recollections, pin cites, authorities, and the standing or intervention issues raised by MIT and the present docket posture.

## VIII. Prayer for Relief

For the foregoing reasons, Plaintiff and Proposed Intervenor respectfully request that the District Judge:

1. Treat the challenged May 8 oral orders and the related portions of D. 111 and D. 112 as requiring Report and Recommendation procedure and de novo review under Rule 72(b) and 28 U.S.C. Section 636(b)(1)(B);

2. In the alternative, set aside or modify the challenged orders under Rule 72(a) as clearly erroneous or contrary to law;

3. Restore or preserve a reviewable status quo to the extent possible and prevent further public use or compounding of Plaintiff-identifying and linked-identifying information while objections and supplementation are considered;

4. Grant Jane Smith leave to intervene, or conditionally intervene, for the limited purposes stated above, without waiver of Plaintiff's own rights;

5. Grant leave to supplement after transcript review and counsel consultation; and

6. Grant such other relief as is just and proper.

Respectfully submitted,
Dated: May 22, 2026
/s/ John Doe
John Doe
Plaintiff, pro se
26 New Derby Street, #301
Salem, MA 01970
john.doe.cv11490@gmail.com
Dated: May 22, 2026
/s/ Jane Smith
Jane Smith
Proposed Intervenor, pro se
ASPIRE c/o Jane Smith

6 Liberty Sq Suite 94450
Boston, MA 02109
jane@joinaspire.org, (617) 798-0945

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, I caused a true and correct copy of the foregoing *Plaintiff John Doe's Rule 72 Objections to May 8, 2026 Oral Orders, Proposed Intervenor Jane Smith's Motion for Limited Intervention and Conditional Joinder, and Motion for Leave to Supplement* to be served upon counsel for Defendant Massachusetts Institute of Technology and upon Intervenor Eugene Volokh by email and, where a mailing address is listed below, by first-class mail, at the following addresses:

Daryl J. Lapp, Esq.
Troutman Pepper Locke LLP
111 Huntington Avenue
Boston, MA 02199
daryl.lapp@troutman.com
Nathalie Vega Orlandini, Esq.
Troutman Pepper Locke LLP
2800 Financial Plaza
Providence, RI 02903
nathalie.orlandini@troutman.com
Eugene Volokh (Intervenor, Pro Se)
volokh@stanford.edu

I understand that, to the extent this filing is accepted for docketing, the Court's CM/ECF system will provide electronic notice of filing to all registered CM/ECF participants in this matter.

/s/ John Doe
John Doe
Plaintiff, pro se
/s/ Jane Smith
Jane Smith
Proposed Intervenor, pro se