UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIAN JARBOE,

      Plaintiff

    v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

      Defendant

Civil Action No.: 1:23-cv-11490

## MIT'S RESPONSE TO RULE 72 OBJECTIONS, MOTION FOR LIMITED INTERVENTION, AND MOTION FOR LEAVE TO SUPPLEMENT

Defendant Massachusetts Institute of Technology ("MIT") submits this response and opposition to "Plaintiff John Doe's Rule 72 Objections to May 8, 2026 Oral Orders, Proposed Intervenor Jane Smith's Motion for Limited Intervention and Conditional Joinder, and Motion for Leave to Supplement."  The objections and motions are entirely without merit.  They are yet another example of Plaintiff's and Smith's unrelenting gamesmanship and refusal to abide by the Court's orders.

### I.    Plaintiff's Rule 72 Objections are Untimely and Without Merit.

The plaintiff, Julian Jarboe, purports to assert Rule 72 objections to Magistrate Judge Cabell's orders of May 8, 2026.  It appears that Jarboe objects to two things:  (1) the requirement that he proceed in this case in his own name and (2) the "adjudication" of his motion for a temporary restraining order.  Magistrate Judge Cabell made no such orders on May 8.  The first issue was resolved well before May 8 and the second issue remains undecided.

### A.    The Requirement that Jarboe Proceed in His Own Name

The requirement that Jarboe proceed in his own name in this case has been resolved for some time.  Judge Saris ruled on July 25, 2024, that Jarboe must proceed in his own name.  Dkt. 61, 63.  Jarboe filed a motion for relief from that order, styled as a "motion to alter or amend the

judgment," Dkt. 66, which Judge Saris denied on September 11, 2024.  Dkt. 70.  Jarboe filed an interlocutory appeal, which the First Circuit ultimately dismissed.  First  Circuit No. 24-1888 (judgment dated Feb. 20, 2026).  In the meantime, Jarboe sought to reopen the issue in this Court by filing a motion for post-judgment relief, Dkt. 84, which Magistrate Judge Cabell denied on March 25, 2026.  Dkt. 95.  Jarboe had 14 days in which to challenge that order, pursuant to Fed. R. Civ. P. Rule 72(a), but he made no such challenge.  Nor did he appeal from that order.

The requirement that Jarboe proceed in this case in his own name thus has been settled for some time, as Magistrate Judge Cabell made clear at the status conference on May 8, 2026. Magistrate Judge Cabell asked Jarboe to acknowledge that fact, including by stating his name in open court, which Jarboe did.  No new order on this issue was made on May 8, 2026, and thus there is no basis for objection on this issue, under Rule 72 or otherwise.

### B.        The Motion for Temporary Restraining Order

On or about April 14, 2026, Jarboe filed what purported to be a second amended complaint.  It was filed under seal and ex parte.  The Court has not accepted it for filing and is treating it as a motion for leave to file a further amended complaint.  It remains under seal and ex parte.  MIT has not seen it.

At or about the same time, Jarboe filed a Motion for Temporary Restraining Order, which seeks an order (1) maintaining the proposed amended complaint under seal and (2) restraining MIT and Intervenor Eugene Volokh "from disseminating linked information" therein, which "would identify nonparties"; Jarboe asserts that "such disclosure would cause irreparable harm to nonparties who have not yet had an opportunity to be heard."  Dkt. 103 at 1, 7.

MIT opposed the motion.  Dkt. 106.  Volokh did as well.  Dkt. 107.

2

At the status conference on May 8, 2026, Magistrate Judge Cabell ordered Jarboe to inform the Court by the close of business on May 13, 2026, whether Jarboe intended to pursue the TRO motion, in which event the Court would adjudicate the motion. Dkt. 111, 112. Jarboe sent an email to the clerk on the evening of May 13, 2026, stating that he did not understand the Court's directives and was unable to make a decision without a transcript of the status conference, but "if the Court requires an answer today, I would not withdraw the TRO" motion.

The TRO motion remains pending before Magistrate Judge Cabell. Jarboe has no basis under Rule 72 to object to the Court's "adjudication" of the motion, which has yet to occur.

## II.    Smith's Motion for Limited Intervention and Unconditional Joinder

"Jane Smith" is a pseudonym adopted by the plaintiff in a case pending before Judge Young, *Smith v. Roe*, No. 25-cv-10949. Judge Young recently rejected Smith's claim that she had legally changed her name to Jane Smith; ordered that her true name be reflected on the public docket, which is now the case; and informed her that while she may file papers and be referred to in court as Jane Smith for pretrial proceedings, she will appear and be addressed with her true name in the event the case goes to trial. No. 25-cv-10949, Dkt. 68.

Smith previously filed a motion for leave to intervene in this case, Dkt. 84, which Magistrate Judge Cabell denied on March 25, 2026. Dkt. 95.

Smith now seeks leave to intervene again, claiming she does so "individually and as appropriate on behalf of ASPIRE and affected persons, for the limited purposes of joining or conditionally asserting objections to the May 8 oral orders and related [docket entries] 111 and 112." Mot. at 7.

Smith states no grounds for intervention in this case, whether individually or on behalf of ASPIRE or "affected persons." She fails to explain what ASPIRE is, who the "affected persons"

3

are, or what interests of theirs or hers would properly be served by the "limited" intervention she seeks. Nor could she do so. The supposed confidentiality interests of nonparties to this case are irrelevant, for the reasons MIT stated in its opposition to Plaintiff's motion for a TRO. Dkt. 106.

## III.   The Motion for Leave to Supplement

Plaintiff and Smith seek leave to supplement their submission after they obtain a transcript of the proceedings on May 8, 2026, and have "a reasonable opportunity to consult or retain counsel." Mot. at 8. This is absurd. No transcript is required. What transpired at the May 8, 2026 status conference – which Smith also attended – is straightforward and is aptly summarized on the docket. Nor is there any basis for "supplementation" in their supposed effort to retain or consult with counsel. Plaintiff and Smith have been litigating their meritless claims against MIT for three years. They have had ample time to retain counsel. And if they are "consulting" counsel, then the fact that they are ostensibly proceeding pro se is a farce.

The request for leave to supplement their filing is just one more tactic in their relentless campaign to prolong their meritless cases against MIT; keep bogging down both MIT and the Court in a quagmire of procedural maneuvering; and defy the Court's orders.

### Conclusion

The motion should be denied.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO #554980
Nathalie V. Orlandini, BBO #712480
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
617.239.0100
daryl.lapp@troutman.com
nathalie.orlandini@troutman.com

May 26, 2026

4

**Certificate of Service**

I certify that on May 26, 2026, I caused a copy of this document to be served upon the Plaintiff and Smith by email and first-class mail, using the addresses in their submission:

John Doe
26 New Derby Street, #301
Salem, MA  01970

john.doe.cv11490@gmail.com

ASPIRE c/o Jane Smith
6 Liberty Square, Suite 94450
Boston, MA  02109

jane@joinaspire.org

/s/ *Daryl J. Lapp*
Daryl J. Lapp

5

251507448v2